The opinion of the court was delivered by
Duncan, J.
The plea of causa actionis non accrevit infra sex annos, was first offered when the jury was impannelled, under the act of 1806. I recommended it to the counsel to put in the plea, and on demurrer, the question whether in an action of debt on a judgment in Barhadoes, which judgment was founded on a specialty, as appeared by the declaration, the statute of limitations was a good plea, would be decided in bank. This has been done.
If this be a defence, the adjudged cases prove that it may be taken advantage of on the plea of nil debet, but the modern practice is to plead it specially, the debt, as is said, not being extinguished, but the remedy only barred. The statute of limitations of James, so far as regards personal actions, is re-enacted in our limitation act of 1713.
The action on a foreign judgment was little known when the statute of limitations passed, and does not appear to have been in the view of the legislature of either country ; and it has* been said of that statute that it was not made to extend to those cases which seldom or never happen, but to those only which frequently happen, Hutton. 109. The first and- only case, to be found in the English books of Reports, in which notice is taken of this plea to a foreign judgment, was the case in chancery, of Dupelin v. Roven, 2 Vern. 540, and where it was held to be plead-able, as the Lord Keeper said, because the only action that could be maintained was indebitatus assumpsit or insimul computasset. Even so late as the reign of George 2d, in Otway v. Ramsey, 2 Stra. 1090, in a writ of error, from Ireland, the great question, as it was called, was whether debt would lie there, on a judgment in the Court of King’s Bench, in England, and it puzzled the judges not a little; for after two solemn arguments upon which, the court strongly inclined-that.it would not, a third argument was appointed, but the plaintiff in error, who was defendant, and had judgment against him below, declining an argument, the judgment was affirmed, without any opinion delivered by the court, further than what was said on the breaking' of the cause, at the former argument.
I may repeat, with great confidence, what was said by Justice Duller, in Walker v. Witter, in 1778, Douglass, 1, “that we meet with no instance in the books, of an action of debt brought on a foreign judgment;” and that was the first instance in which the action had been sustained.
*399 I only refer to this case to show how the law stood anterior to the American revolution, and to ascertain a point of time, and and not as authority. The statute, it is fair to suppose, had run in that case, as the judgment was in 1766, the statute not pleaded.
This apt of limitations is to be construed, as all statutes ought to be, without favour or disfavour. Courts ought not to exclude actions within its provisions, nor include those that neither fall within the letter or reason of the law. Without saying whether non assumpsit infra sex annos, would or would not be a good plea, where the action was assumpsit, I think that in an action of debt on a foreign judgment, stating the foundation of the judgment to be a specialty, the plea of -the statute is not a good-one ; and though the judgment be the gist of the action, yet the cause of the judgment may be laid by way of inducement in the declaration, as in debt against- the sheriff on an escape, or in an action founded on a devastavit against aii executor; the judgment is but inducement, the escape and devastavit are the foundation of the action.
It is true it is not necessary to lay the cause of action which gave rise to, or was the consideration of the judgment, yet certainly it may be stated; and might under particular pleadings be material, and it was for some time a moot point, even in assumpsit on a foreign judgment, whether it was not incumbent on the plaintiff to state the original cause ; for in Crawford v. Whittal, 13 Geo. 3, in the note to Walker v. Witter, there, was a demurrer to such declaration, for the reason that it did not state the ground of the judgment abroad, and the cause of action there; the demurrer, however, was overuled. Aston, Justice, said “We are not to suppose it was an unlawful debt.” In 1771, in Plaistow v. Vanuxem, it was moved in arrest of judgment, for that it did not appear the judgment was given on account of a just debt, or for any good and sufficient cause of action ; but the matter was overruled.
It is said, that actions as well of debt as of assumpsit; are debts on simple contract and therefore within the words of the statute. The words are, “All actions of debt, grounded on any lending or contract without specialty.” If it had been all actions of debt, without specialty, this action would have been included; but all actions of debt without specialty, are not limited, but those only grounded on a lending or contract,'and this action is not founded on any lending, and therefore not limited, though it be without specialty. All actions of debt are founded on contracts in deed or in law; and if it had been intended to limit all actions of debt generally, the words, “ grounded on any lending or contract” would have been superfluous. But 'the statute was only intended to limit those actions which are grounded upon any lending or contract in fact, and; the word lending explains the word contract to be' of the Same ..nature; and as early as 20 Car. *400 2., this construction was put on these words in Hodsden v. Harridge, 2 Saund. 65, and this principle has ever since prevailed. It was the construction of the English statute when our act passed. The use of cases is said to be, to establish principles, and if the eases decide differently from the principle, wé must'follow, as judges often have declared, the principle and not the decision.
That case was debt on award for the sum awarded. The award itself was under seal, though the submission was by parol, and held not to be a contract within the statute; though, if the action had been assumpsit to stand to the award, it had been within it; but the case was not decided, as has been supposed in the argument, on the ground of the award being under séal, for there it was contended, and so decided by the eourt, that if there had been no specialty at all, yet it was not an action founded on a contrae!; for the statute only restrains and limits actions on a lending or contract in fact, and this action is founded on a debt quasi ex contractu, as the civilians^term it, where the law gives an action of debt, though,there is no contract between the parties. This doctrine, as to parol awards, has been adopted, and is considered as settled law from that day until Ballentine published his treatise on the statute of limitations, and never has been contradicted either by the decision or the- dictum of any judge, or doubted in the speculations of any lawyer.
One would suppose, that as the actions on foreign judgments would increase with the commerce of the country, the case of limitations must have frequently occurred, yet no such plea is to he found, except in this one solitary case, and there sustained on a reason that no longer exists, namely, that only the action of assumpsit could be maintained, and for this reason alone, the statute was pleadable. In all the books of practice and treatises on the law, this solitary case has passed unnoticed, except by Mr. Arch-bold, who notices it under the title of assumpsit, and the operation of the statute of limitations on that form of action. The actions of debt without specialty, to which the statute does not apply, are numerous: they will be found in the last London edition of Comyn’s Digest, 1th vol. p. 415; and they will all be found to depend on this one principle, of the action not being grounded on a lending or contract in fact, or a contract having relation to a record. Debt on escape against sheriff, debt on award, debt for a copj^hold fine, debt on the statute for not setting out tithes, debt against sheriff for money levied on a fieri facias, debt against an attorney for money received by him: so if we are to confine the act to the enumerated actions, it does not,fall within any of the denominations of actions; it is neither trespass, nor detinue, nor trover, nor replevin, nor action of account, nor on the case, nor debt grounded on any lending or contract; but an action of debt on a foreign judgment is no more a debt on a contract in deed, than debt on a domestic judgment, and if one has obtained a judgment against another for *401 a certain sum, and neglect to take out an- execution, he may after-wards bring an action of debt on this judgment; he shall not be.put to proof of the original cause of action, but on showing the judgment in full force, the law immediately implies, that by the original contract of society, he has contracted a debt or is'bound to pay it. So that the obligation arises from an implied original contract with society, find not with the individual, like forfeitures dn bylaws, amercements, judgments recovered for a tort in an inferior court, penalties inflicted by law, damages given by statute to. the party grieved; these immediately create a debt in the eye of the law, 3 Bl. 160; but they do not fall under the denomination of actions of debt grounded on" a lending or a contract. It is not necessary to decide how this would be, on a count on the implied contract to pay the judgment, in the action of assumpsit. Yet there would seem to be a sound difference between that action and debt, where the party has his choice of remedies, as assumpsit for not performing an award and debt on the award, the statute may be pleaded to the one form of action and not to the other. So the creditor has his election for escape on judicial process: he may bring debt where the statute will not apply, or he may bring case where it will.' So, in the action for money received against the sheriff, as in Cochran v. Welby, 1 Mod. 245: action on the case against'the sheriff, for that he levied a sum of money and did not bring it into court on the return of the writ, — plea of the statute of limitations and demurrer,-and the distinction was taken between assumpsit and case, and it was admitted tíiatif it had been assumpsit, the statute would be pleadable, S. C. 2 Mod. 212; and the question, on that report of the case, is said to have been, — whether the action was barely grounded on the contract, or had relation to or was founded on -a record. And in action of debt, brought by the same plaintiff against the same defendant, it was héld that the action lay before the return of the writ. Yet the action is not within the statute of limitations; for though it be not a record before the return of the writ., yet it is founded' on a record and has a strong relation to it. 2 Show. 79. So, here, though the action is not immediately founded on a specialty, yet it has a strong relation to it; and there seems to be a prevailing opinion, (though I admit it has been questioned by some,) that where the whole of a bond has 'been paid by one of the obligors, who brings an action of assumpsit for contribution, that he would be allowed the same limitation as on the bond itself.
' It is not unworthy of remark, that it was supposed that actions on. promissory notes, which in some measure partake of the nature of specialties, particularly in the manner of declaring on them, were not .within the statute of 21 Jac. 1; for by- statute 3 and 4 Anne, c. 9, s. 2, it was provided, that actions on promissory notes shall be brought within the time appointed for commencing actions on the case by that statute. Note to Hodsen v. Harridge, 2 Wms. *402 Saund. 66. And, that much depends on the form of action, as to the operation of the statute, appears by what was said in giving the opinion of the court in Beattie’s Administrators v. Burns, 9 Cranch, 107. It was a question on the bar of the statute of limitations in an action for money had and received, brought under an act of assembly pf Maryland, respecting some local provisions as to lands'within the District of Columbia, and.it was, a’s Mr. Justice Story said, “a case where the action for money had and received was clearly within the act; but it was contended that the present suit, being a statute remedy, was not within the purview of the statute of limitations. We know pf no difference between a common law and a statute right, each must be pursued according to the general rules of law, unless a different rule be prescribed by the statute; and where the remedy is limited to a particular form of action, all the general incidents of that action must attach upon it.” It is to be observed, as to Dupelin v. Roven, that the origin of the debt was simple contract;; the foreign judgment did not change it, — it still retaiñed that ground, and composition and .note given in 1676, and bill not filed for thirty years after, — from the length of time equity would presume all to have been satisfied, without recourse to the statute of limitations. This appears to me as yery clear; for the presumption of payment of a foreign judgment, unless repelled by circumstances, would prevail fit the end of twenty years, as it does in cases of legacies, mortgages, and all specialties, though not falling within the provisions of any statute. But the cases from 5 and 11 Johns. Rep., cited by the counsel for the defendant," weigh much more with me: they are, however, decided without argument, and without reference to any direct authority except the case in Vernon, or to any analogous principles; and it certainly was decided on a mistaken view of the constitution of the United States, as to the nature of a judgment in a sister state. Andrews v. Montgomery, 19 Johns. 163.
The case of Pease v. Howard, 14 Johns. 149, decided that a judgment in a justice’s court was not within the statute of limitations; for it was not like a foreign judgment, but it formed conclusive evidence of the debt, and is not therefore a debt by simple contract, but by speciálty; yet, at the. same time, it is observable, that it was not decided on that ground alone, but on an acknowledged principle, which pérvades in the construction of all actions of debt, without specialty, “ that the actions of debt, founded on any contract without specialty, which are barred by the act of limitations, are only actions of debt founded on a contract in fact, and not such debts as are created by the construction of law.”
This last reason leads to the certain conclusion, that actions of debt on foreign judgments are not within the limitation, — as they are neither within the words or intention pf the legislature. They are not grounded on a lending or on a contract, in the sense in which that word is used in the act; for that is a contract created *403 by a construction of law, — the action of debt limited is on a lending or contract in fact or in deed.
The cases in 5 and 11 Johns. Rep. have not been considered with that deep research for which the judges of that court were so highly distinguished; and, with the greatest deference to those eminent men, these decisions appear to me to be at variance with principle, and with a principle acknowledged in the subsequent case of Pease v. Howard: a principle which fixes a general construction, without any exception; — -a general rule, that knows no distinction. The court therefore direct judgment to be entered for the plaintiff. '
Judgment for the plaintiff.