The opinion of the court, (Rogers, J. dissenting,) was delivered by
Gibson, C. J.
Evér since the decision in Steele v. P.hœnix Ins. Co. (3 Binn. 306,).we, have followed the chancery practice of permitting a naked trlistee to testify in favour of the trust, or a party who is on the record, but- otherwise disinterested, to be examined with his own consent. Oii the other hand, there has been no relaxation of the common law rule which-prohibits the examination ■of a defendant by the plaintiff. This rule is supposed to be founded «on the interest which the defendant has as a party; and hence the decision in Baird v. Cochran, (4, Serg. & Rawle, 327;) is pressed upon us as having removed its foundation. But the case of a witness who discloses a promise on which he may possibly, though not certainly, be made liable in another action, is readily distinguished from that’of a party or privy, who is to be fixed immediately by the judgment, and who, in giving evidence that tends to *455 that conclusion, testifies directly against himself.- The. evidence' of the former can be used in a subsequent action, not as h,is testi-. mony, but as his admission; and although such admission may have been extorted, he can,-with no propriety,' be.said to have testified against himself. Although this distinction -be purely technical, it is not the less founded; for the most ordinary rules of evidence are sometimes exclusively technical in particular eases;' as in excluding a witness of approved integrity, actually interested to the value of a farthing, and admitting another of conclusively bad character, though labouring under a mistaken belief that he is interested to the value of thousands. Such incongruities are naturally and unavoidably produced by rules which, from their .generality, cannot be exac.tly adapted to particular cases. But in point of reason and justice, the condition of a witness who .is compelled to, admit his own liability, is not distinguishable from.that of any other stranger, whose interest is disregarded whenever the question arises on a real matter of right which it is necessary fo try, and where it is not wantonly sacrificed; for instance, by a wager which outrages his feelings or involves, his character. ' And if he be not privileged from disclosing the fact, .there is no réason why he'should'be excused from swearing to it. In principle, his cáse is that of a person who’is compelled by a subpoena, tp.pro.duee a paper that may he subsequently used against him. These are sacrificésto the exigencies of justice, from which no man.is exempt. • In England, a majority of the judges thought a witness'could claim no such privilege; but, it was thought proper to provide for the case by a. statute, which has, however, not been held to extend to the case of a party; which shows that the courts there, have thought there is a difference. Thus, it appears that interest is not the foundation of a party’s privilege; and. if it Were, an argument built on the decision in Baird v. Cochran, would prove too much, as ifc would establish a right in the plaintiff to examine a defendant when incontestably a party, or a mutual right in the parties to examine-each other. Although interest furnishes a perfectly satisfactory reason for excluding the testimony .of a party when in his own favour, it would furnish no reason at all for excluding i.f. when against him. The true reason seems to be the extraordinary temptation to which it would expose him; or perhaps the unjust advántage it would give his adversary, as the motive which would.induce the jury to give implicit credit to all he should , say against himself, would prompt them to disregard whatever he might say in his own favour, But whatever be the reason,'it is not tó be doubted that a party cannot be examined against his will: and th.e question, therefore is, whether Mr. Page stpod before the court in that character.-
To constitute a party, it is not necessary that the name be on the record; else a cestui que trust might be examined against himself in an action by the trustee*. Courts invariably treat the- *456 person actually interested, as the real party. But the name of Mr. Page was in fact on the re.cord, and if he were substantially concerned in the action, (which I'shall attempt to show,) he was. a party to every intent. On this point, the judges, in Purviance v. Dryden, [13 Serg. & Rawle, 402,) expressed opposite opinions. It was, however, not the point decided; and for the same reason, I lay not so much stress on the opinion of the judges in The Lessee of Diermond. v. Robinson, (2 Yeates, 324,) and The Lessee of Patterson v. Hagerman, [Ib. 163,) in which the privilege of a defendants circumstances exactly like the present, was distinctly recognised. In England a defendant not taken, is ner vertheléss.a party who must be proceeded against to outlawry; and having thus disposed of him on the record, the plaintiff may declare against the rest. In our practice, the only difference is,"that he is treated as if disposed of already: but, still he is a party to the action; for a defendant disposed of, though not a party to’ the issue, cannot be examined by the plaintiff; as in the instance of a co-trespasser who has let judgment go by default; (Starkie’s Ev. pl. iv. 766,)and the reason is, that he is nevertheless involved in the consequences of the verdict. In Downey v. The Farmers’ Bank of Greencastle; (13 Serg. & Rawle, 288,) it was-determined, that notwithstanding only one has been summoned or taken,'the action continues to be joint; yet that could not be, if the others were not parties. And it was held, at Sunbury in June last, that the plaintiff is not bound to drop a defendant who has not been served, but may still bring him in by an alias engrafted' on the original writ. It seems to me, therefore,'that Mr. Page; was clearly a defendant in form; and let us see .whether he were so in substance.
A verdict in-favour of the others, would be in favour of him also, because it would conclude the plaintiff from having' recourse to-him in any event, as he otherwise might on the principle of Lang v.. Keppele, (1 Binn. 123.) This is proved by Downey v. The Farmers’ Bank of Greencastle, in which it was held, that the judgment in an action on a.joint and several bond, against both •obligors, may be pleaded in-bar to.a-several action against one of them who was not served. And this further proves him to be a party or privy, inasmuch as the record would not otherwise be evidence in his favour. So, a verdict against the o.thers, would conclude him in an action for contribution. Here, however, such an action would bé necessary, as the defendants were charged as partners; and this leads to another most important consideration, that Mr. Page’s interest in the partnership effects, Would be levied and sold immediately in execution of a judgment against the others. . For the separate debt of a partner, I admit, only his separate estate can be sold; and as by the contract of partnership, the debts are to be paid before capital or profits can be divided, it follows that he has no specific interest in the' partnership effects., *457 but only in what may remain after the settlement of the partnership account, and nothing beyond can be levied. But for a partnership debt, the entire property in the specific thing must be sold, even in a judgment against one of the partners; because through the medium of the execution, the law compels him to make the same ap7 plication of the joint funds to the joint debts, that if was undoubtedly competent to him to make voluntarily.- The sheriff levies and sells the entire property, because the partner defendant has no specific share that may be levied and sold separately; and, even were that otherwise, yet unless the sale should work a dissolution of the partnership pro tanto, the remainder would not be the property of the other partners individually,' but of the firm, and liable to execution by any other joint creditor; so that the sheriff might as well go on and levy .the whole at once. Besides, as the other partners would be liable to contribution, their remaining interest in the effects sold, being carried into the partnership account, would entitle them to a credit exactly equal to what should be necessary to reimburse the partner defendant, the loss of his individual share: so that the effect of selling a part or the Whole, would, as between the partners' themselves, be exactly the same; -nothing being gained by the sale of an undivided interest-but the embarrassment incident to a joint ownership by the purchaser-and the firm. Thus, I take it to be clear, that the interest of Mr. Page in the partnership-effects, might be sold on a judgment against the others, just as if he had appeared to the action; and he was, therefore, a defendant both in substance and in form, although not technically a party to the issue.
The law enjoins, that all be sued who are jointly liable. This injunction would be of little worth if, by instructing the sheriff not to serve particular defendants whose testimony should be desired, the plaintiff might produce the same result as if they had not been sued. In answer to this, it is suggested that the same purpose might at all events be effected by a nolle prosequi. But, I apprehend that a nolle prosequi can be entered as to particular defendants only where there has been a severance i;n defence; and even then, not to use them'as witnesses.. Again, it-has been said, that a defendant not served may obviate the consequences by a voluntary appearance. But to what purpose, when the plaintiff cannot proceed against him? It is clear, on the authority of M'Full v. Williams, (2 Serg. & Rawle, 288,) that there cannot be two verdicts on a joint liability in the same action. If he was apprized of the suit at the return of the" writ, he might perhaps force himself on the plaintiff as a party; but he might be ignorant of the existence of the action, and an appearance after issue joined would be too late.
The remaining errors are not sustained. The declarations of Mr. Fitzsimmons, one of the defendants, were obviously-evidence against himself, to prove the partnership, a’fact which might be established by the separate admissions of all the defendants. And *458 the consequences of having declared against all the defendants, are obviated by taking judgment only against those who were served. The judgment, .therefore, is reversed.for the first error;.
Rogers, J,, dissented, being of,.opinion that. Page was rightly-compelled to testify.
Judgment'reversed, and a venire facias de'hovo awarded.