Judgment reversed.

# Harper *against* Fox.

A sheriff's acceptance of bank-notes in payment of an execution discharges it; and if the notes afterwards become worthless, he must account to the party in cash.

One of a firm confessed a judgment against himself and his co-partners, upon which an execution issued, and the money was paid to the sheriff by the partners after a levy upon their personal property : after which the judgment was set aside as to the partner who was not a party to it : in an action against the sheriff by the plaintiff in the execution, it was held that he was entitled to recover.

ERROR to the Common Pleas of *Dauphin* county.

The Commonwealth for the use of John Harper, assignee of John M. Woodburn, against John Fox, Esq. This was an action of debt upon the official bond of the defendant as high sheriff of Dauphin county. The facts were as follows :—John M. Woodburn obtained a judgment against Christian Shunk and Joseph Bowman, of the firm of Shunk & Bowman, which was confessed amicably by Bowman for the sum of $500, upon which an execution issued and was put into the hands of Sheriff Fox on the 8th September 1840, and was levied on the defendants' personal property. On the 14th October 1840, Samuel B. Hickox, in order to relieve the property levied, paid to the sheriff the amount of the execution in bank-notes of the Commercial Bank of Millington, which about that time failed and became entirely worthless. On the 18th of November 1840, a rule was obtained to show cause why the judgment should not be opened and vacated as to Shunk, and upon the sheriff to return his *fieri facias*, and bring the money made upon it into court. On the 20th August 1841, the judgment was set aside as to Christian Shunk, and the sheriff made a return of the facts with regard to the receipt of the worthless bank-

notes, which he believed to be good when he took them; and there was some proof on the trial that they were current at the time.

The court below instructed the jury that the defendant was not relieved from liability by reason of the failure of the bank whose notes he received; but that the fact of the judgment being set aside as to Shunk was fatal to the plaintiff's right to recover, and directed a verdict for the defendant.

*M'Cormick*, for plaintiff in error. The payment to the sheriff was voluntary; and although the judgment was set aside as to one, it was good as to the other defendant. 1 *Watts & Serg.* 140. It follows, therefore, that the execution was good as to him; and if the money was made upon it and out of the partnership effects, there is no reason why the plaintiff should not recover it. 1 *Wend.* 16; 18 *Mass.* 79; 7 *Law Lib.* 38; 20 *Wend.* 609.

*Herman Alricks* and *M'Clure*, contra. The existence of the partnership was denied, and the confession of the judgment was but a contrivance of Woodburn and Bowman to cheat Shunk; this we offered to prove in the court below. But this judgment was set aside as to one, and this virtually set aside the execution which was the ground of the plaintiff's action, if he had any. On a judgment against two, a separate execution cannot issue. 7 *Law Lib.* 138; 6 *T. R.* 525; *Gow on Part.* 229.

The opinion of the Court was delivered by

GIBSON, C. J.—The sheriff's acceptance of payment in bank-notes discharged the obligation; consequently, the return on it, though true as to the particulars, was false in the concrete, which was all that the court could notice. He took the notes as cash, and must account for them as cash; but to whom? Certainly not to the partner, Shunk, unless the money was made of his separate estate, which does not appear. A partner has power to dispose of the joint effects by his separate act; and that he may not bind the firm by submission to arbitration, or confession of a judgment, is because it would bind the persons and separate estates of the members, and thus transcend the limits of partnership authority. But that a judgment against a single partner, as the representative of the firm, may be satisfied out of the joint effects, was said in *Taylor* v. *Henderson*, (17 *Serg. & Rawle* 456). A judgment may be recovered against a less number than all the members, if there be not a plea in abatement; and the effects of the partnership may consequently be seized in execution of it. What matters it, then, whether the judgment has been obtained adversely or by confession, if it be against the firm? It seems that the practice of the courts of New York is to do no more, in a case like the present, than restrain the execution to the joint

[Harper v. Fox.]

effects and the separate estate of the partner personally bound; and certainly the objects of the law may be lawfully attained by it. In this instance, we gather from the charge that the execution was levied on the partnership property; and from the return, that the money was paid by the partners to release it. If the fact be so, the plaintiff is entitled to recover his whole demand; for he is entitled to all that was not made from Shunk's separate estate. In these particulars, the direction was erroneous.

Judgment reversed and *venire de novo* awarded.