## WILSON & ux. v. TOWLE.

An action of debt against a devisee of land, to recover money charged thereon, is not an action "grounded on any lending or contract not under seal," within the meaning of the act of June 30, 1825, "for the limitation of actions," &c.

DEBT.   The plaintiffs declared that Levi Towle, late of Epping, deceased, being seized in fee of certain lands described in the declaration, by his last will devised the same to the defendant and his heirs, he, the said Gardner Towle, paying the sum of one hundred dollars, as therein after named; that in and by said will the testator afterwards gave to his daughter, the said Pema Wilson, fifty dollars in money, to be paid by said Gardner. Levi Towle afterwards, on the twenty-fourth of May, 1827, continuing so seized of the lands described, died, and his will was admitted to probate.   That the defendant accepted the devise, entered the premises, remained in possession thereof, and thereby became chargeable to the said Pema to pay her the said sum of fifty dollars, according to the devise aforesaid, and the said Gardner still holds the premises, whereby an action hath accrued to the plaintiffs, &c.

The defendant pleaded, among other pleas, that the supposed cause of action did not accrue to the plaintiffs at any time within six years next before the commencement of the suit.

To this there was a demurrer and joinder therein.

The writ was dated the fourth day of May, 1847.

*Stickney*, for the plaintiffs.

*Wells*, for the defendant.

WOODS, J.   The question raised by the demurrer does not derive its solution from the chapter of the Revised Statutes relating to the limitation of suits.   They had not been

in force six years at the time this action was commenced, except with respect to those cases in which the period of limitation prescribed by former statutes had begun to run, and the same or a similar limitation is prescribed by the Revised Statutes. The inquiry, therefore, is whether this action was barred, or could have been barred, by a lapse of six years, by virtue of the statute of June 30, 1825, which was in force until repealed, with the qualification before noted, by the Revised Statutes, in 1842.

The only clause in that statute which is supposed to affect this action, is that which limits to the period of six years next after the cause of such actions, "all actions of debt grounded upon any lending or contract not under seal." The act of June, 1791, in force previously to that time, contains the clause as it originally stood in the statute of 21 Jac. 1, ch. 16, "all actions grounded upon any lending or contract, without specialty," a broader expression and comprehending all actions, it would seem, which could possibly fall within the purview of the statute which has been cited as governing this case.

There are two cases in Saunders which deserve to be cited as among the earliest in which this clause of the statute of 21 Jac. 1, was judicially drawn in question. The first is *Jones* v. *Pope*, 1 Saund. 34, which was debt against a sheriff of Bristol, for an escape. The defendant pleaded in bar that the plaintiff's bill was exhibited against him, on the 21st of November, in the 17th of the now king, and that since the cause of action accrued, six years and more were elapsed before the day of exhibiting the said bill. The plaintiff demurred, and it was argued in his behalf that the action was not within the statute, first, because not founded upon any lending or contract, and secondly, because it was founded upon a statute which was a specialty, the statute, namely, of 1 Ric. II. For the defendant it was argued that, although the action was "not founded on a contract or lending, properly, yet the law has made a con-

tract," &c.   But the court held the plea bad, for the reasons stated by the plaintiff's counsel.

The other case referred to is *Hodsden* v. *Harridge*, 2 Saund. 63, which was debt on an award made by an umpire, under his hand and seal, in pursuance of a parol submission.   The plea was, the statute of limitations, and upon demurrer, two points were made.   1.   That the award was a specialty.   2. That the case was not one of lending or contract.   The whole court were for the plaintiff; the Ch. Justice mainly upon the first point, *Twisden* upon the second, and the other judges upon both.

The case of *Cochram* v. *Welby*, 2 Mod. 212, was debt to recover money of the sheriff of Lincoln, levied by Fi. Fa.   It was argued for the defendant, on demurrer to a plea of the statute of limitations, that when the sheriff had levied the money, the law created a contract (without specialty) on his part to pay it over.   The judgment was for the plaintiff, however.

It has likewise been held that an action of debt for a legacy is not barred by the lapse of six years, not being within the statute.   Com. Dig. Temps. 15.

In *Jordan* v. *Robinson*, 3 Shepley 167, it was, upon the same grounds, held that a foreign judgment is not subject to the statute.

In conformity with these decisions, it has been held as a general principle, that actions of debt founded upon a contract, without specialty, are such as are founded upon a contract in fact, and not created by construction of law.   *Pease* v. *Howard*, 14 Johns. 479;   *Richards* v. *Brickley*, 13 Serg. & Rawle 395.

Finally, in the case of *Sanborn* v. *Sanborn*, in this State, decided in Rockingham, July term, 1845, the same question here presented arose in an action of debt, for money charged upon land by a will.   It was held upon demurrer to a plea of the statute of limitations, that the case did not fall with-

in it.  It was not a case of lending or contract of any kind, within the meaning of the statute.

The debt in this case results from the tenure of the land. It is a charge upon it, into whose hands soever the land passes, created by the act of the owner, and resting in no just sense upon any contract, express or implied.   Although in England this charge would seem to be commonly enforced in equity, yet it has been held there that debt would lie against the terretenant for the recovery of the money so charged.   *Ewer* v. *Jones,* 2 Salk. 415 ; 6 Mod. 25, S. C.

It is, indeed, called a debt, and owes its inception to the voluntary act of the terretenant or devisee, in accepting the devise, or a title under it.   So, indeed, does the obligation to pay money resulting from the violation of a penal statute, which money, like this, is recoverable in an action of debt, in favor of a private person.   Yet, in neither case is the debt, in any reasonable sense, founded on any contract.

The case, therefore, does not fall within the provisions of the statute of limitations, and the demurrer must prevail.

*Judgment for the plaintiffs on the demurrer.*