## DICKSON vs. COLLINS, BROTHER & CO.

1. In an action against J. D. to charge him, as a partner, for goods sold to the firm of D. D. & Co., D. D., whose liability is admitted, is not a competent witness to prove the sale and delivery of the goods, unless it be first shown or proposed to be shown by *aliunde* proof, that J. D. was a member of said firm.

Error to the Circuit Court of Chambers. Tried before the Hon. John J. Woodward.

This was an action of assumpsit by the defendants against the plaintiff in error to recover for goods sold and delivered to the firm of D. Dickson & Co., which firm they allege was composed of Josiah Dickson, the defendant below, and David Dickson. No proof was offered or proposed to be offered to show that the defendant was a member of the firm of D. Dickson & Co., but the plaintiff offered David Dickson, an admitted member of it, as a witness, to prove the sale and delivery of the goods to said firm. The defendant objected to this testimony, on the ground that there was no proof of the alleged partnership, but the court overruled the objection, and permitted the evidence to be given to the jury. The ruling of the court is now assigned as error.

Baugh, for the plaintiff in error:

The testimony of David Dickson, one of the firm of D. Dickson & Co., was improperly permitted to go to the jury to prove the sale of goods.

A person charged as a partner, and not shown to be such, cannot be bound by the testimony of one, styling himself a partner, until the partnership is established *aliunde.*—Hutchins v. Childress & Baker, 4 St. & Por. 34 ; Lewis v. Post & Main, 1 Ala. 65; Gow on Partn. 217.

Hooper and Rice, for the defendants.

CHILTON, J.—The Circuit Court committed an error in admitting the testimony of D. Dickson, the object of which was to fix a joint liability for a demand, which the witness was con-

fessedly bound to pay. The declaration charges the witness' liability; he admits it, and the plaintiff below now offers him to prove that Josiah Dickson is jointly liable with himself, but he is met with the objection that the evidence is improper, unless a partnership is proved *aliunde*. This the plaintiff failed to do, nor did he even propose to connect such proof with proof of a partnership thereafter to be adduced. The case of Aston v. Jemison, at the last term of this court, and the authorities cited in that opinion, are conclusive to show that this proof should have been rejected. The only difference in the two cases, is, that in that case the witness was bound by note—here, by account for goods sold. In neither case should he be allowed to make another share with him the burthen by his own testimony. The partnership being once established, the proof would be legitimate to show a sale and delivery of the *goods to the firm;* till then, or unless the proof had been proposed in connection with a proposition to make such proof, which would render it legitimate, it was improper. The proof offered, indirectly at least, established the existence of the firm or partnership, as there could have been no sale and delivery to the partnership, if no such firm existed.—See Marquand v. Webb, 16 Johns. R. 89; Purce v. Kerney, 5 Hill (N. Y.) R. 82; Taylor v. Henderson, 17 Serg. & Rawle, 453; Norman v. Norman, 2 Yates R. 154; Bell v. Porter, 9 Conn. R. 23; Post & Main v. Lewis, 1 Ala. R. 65, as to the competency of David Dixon to establish a joint liability.

Let the judgment be reversed and the cause remanded.