[L. A. No. 9.    Department One.—December 17, 1895.]

MARK MEHERIN, ASSIGNEE, ETC., RESPONDENT, v. J. N. SAUNDERS ET AL., APPELLANTS.

110  463
s131 686
131  687
131  688

CONSTABLE'S SALE—RETURN OF PURCHASE MONEY—LIABILITY OF SURE-TIES UPON BOND.—Upon a constable's sale of real estate the constable cannot impeach his return as to the amount of money received by him for the property, and he and the sureties upon his official bond are liable for the full amount returned as having been received, although he did not receive the money in fact, but accepted a check for a large part of the money which was never paid.

ID.—BID BY PURCHASER FOR JUDGMENT CREDITOR—DEFENSE NOT PLEADED. The constable and his sureties cannot rely upon the fact that the pur-chase was made by the purchaser as the agent for the judgment creditor, with the understanding that only enough was to be paid to satisfy the executions held by the constable, where no such defense is pleaded in the answer, and there is no offer to amend the pleadings to present such defense.

APPEAL from a judgment of the Superior Court of Santa Barbara County and from an order denying a new trial.    W. B. COPE, Judge.

The facts are stated in the opinion of the court.

*W. I. Nichols*, for Appellants.

The certificate of sale is not the equivalent of the sheriff's return, and, if it were, it would not be conclu-sive.    (Code Civ. Proc., sec. 1973; *People* v. *Huson*, 78 Cal. 154; *Placer County* v. *Dickerson*, 45 Cal. 12; *Cravens* v. *Dewey*, 13 Cal. 43; *Mitchell* v. *Hackett*, 14 Cal. 666.) The acceptance of the check did not amount to a pay-ment of the purchase price.    (Boone on Banking, Nos. 181, 185, 186.)    In view of the allegations of the com-plaint, it was incumbent upon plaintiff to prove an actual payment of ten thousand dollars, since that fact was positively denied in the answer.    (*Gilman* v. *Bootz*, 63 Cal. 120; *Cox* v. *McLaughlin*, 63 Cal. 196; *O'Brien* v. *Western Steel Co.*, 100 Mo. 182; 18 Am. St. Rep. 536.) Statutory penalties are only recoverable when by the return of the sheriff he admits the collection of money and refuses to pay it over.    (*Johnson* v. *Gorham*, 6 Cal. 195; 65 Am. Dec. 501.)

*Grant Jackson,* and *Mich. Mullany,* for Respondent.

The officer must be held conclusively to have received the purchase price for which he sold the property and issued his certificate of sale. (Freeman on Executions, sec. 443; *Mitchell* v. *Hackett,* 14 Cal. 661; *Harris* v. *Ellis,* 30 Tex. 4; 64 Am. Dec. 296; *Crutchfield* v. *Robins,* 5 Humph. 15; 42 Am. Dec. 417; *Cooney* v. *Wade,* 4 Humph. 444; 40 Am. Dec. 657.) The officer cannot deny that the purchase price was paid, etc., while his return shows not only a sale for the money, but also the receipt of the money. (*Ferguson* v. *Tutt,* 8 Kan. 370; *Tiffany* v. *Johnson,* 27 Miss. 227; *Townsend* v. *Olin,* 5 Wend. 207· Freeman on Executions, sec. 360; *Holt* v. *Robinson,* 21. Ala. 106; *Boas* v. *Updegrove,* 5 Pa. St. 516; 47 Am. Dec. 425.) This rule prevails where the officer seeks to show that he received notes or other property which he was not authorized to take in satisfaction, as well as where he offers to prove that he received nothing whatever, etc. (*Harper* v. *Fox,* 7 Watts & S. 142; *Fitch's Appeal,* 10 Pa. St. 461; 51 Am. Dec. 495, and note.)

GAROUTTE, J.—This is an action by the assignee of the California Steamship Company, an insolvent corporation, against defendant Saunders, as constable of judicial township No. 5 of Santa Barbara county, and the sureties upon his official bond. Defendants appealed from a judgment rendered against them, and also from an order denying their motion for a new trial.

Saunders, as constable, held certain executions running against the California Steamship Company, prior to insolvency proceedings. One of these executions he levied upon its real estate, and proceeded to sell the same. At the sale one Ambrose bid $10,000 for the property, and it was knocked down to him as the highest bidder. Thereupon, in payment of the purchase price, he gave the constable $855 in money and his personal check for the balance, amounting to $9,145. Ambrose was well known to the officer, and of sound financial standing. The constable issued to him a cer-

tificate of sale in proper form, and satisfied the executions, including accruing costs, with the money received. At this stage of the proceedings Ambrose stopped payment upon the check, and the money therefor has never come into the hands of the constable. This action is brought to recover from the constable the amount of the check, as money in his hands received at the sale. There are a great many matters set out in the answer which are purely surplusage and no defense to the allegations of the complaint. The only statement found therein which would seem to possess the semblance of a defense to the action is the allegation that the defendant constable executed the certificate of purchase set out in the complaint "without consideration, and through misapprehension, mistake, surprise, and excusable neglect," but we find nothing in the evidence to support this allegation, conceding such an issue to be a material one.

Under the evidence we are bound to hold that the entire $10,000 was received by Saunders, the constable. It is settled law that a sheriff cannot impeach his return as to the amount of money received by him at execution sale, and, certainly, this could not be done as to the judgment debtor. (*Harvey* v. *Foster*, 64 Cal. 296.) But, conceding that the certificate of purchase here issued is not the equivalent of the sheriff's return, and that there is no paper in this record such equivalent, still the evidence as to the character of the transaction is indisputable, and, by the constable's own words, his liability is fixed. He says: " I did collect in coin from Ambrose $855. The reason I did not collect the balance of that $10,000 from him was because Mr. Ambrose did n't have the money with him, and I supposed the check was good; knowing he was good, I took it in lieu of that much money, and gave him the certificate of sale for that $10,000, and acknowledged receipt of the $10,000 in that certificate of sale. I never tried to collect that money from Donahoe, Kelly & Co. I have not, up to this time, demanded of Ambrose to pay that check in money. I gave him the certificate of sale be-

cause I supposed that I had received the money, counting the check. I suppose—well, I knew he was good for it, and I put it in as that much money, supposing it would be paid." This principle of law, as to the conclusiveness of the sheriff's return as against him, equally applies where he attempts to show that he received notes or other property in lieu of money in satisfaction of the judgment or execution. (*Harper* v. *Fox*, 7 Watts & S. 142; *Fitch's Appeal*, 10 Pa. St. 461; 51 Am. Dec. 495.) Reduced to its simplest form, the case is this: The constable sold the property for a certain sum, issued his certificate of purchase, and failed to collect a portion of the purchase price. Upon such a state of facts he is clearly liable for the entire amount. He cannot be allowed to say, "I never collected the money from the purchaser; or I took his check for the purchase price, thinking it was as good as the money; or he beguiled me into giving a certificate of purchase, and then refused to pay the amount he owed me upon the purchase, and, consequently, I am not liable."

While the purchaser, Ambrose, was upon the witness-stand, in answer to a question of counsel as to why he did not pay the balance of the purchase price of the property, he said in effect that, as between him and the California Steamship Company, it was never intended to be paid; that he was acting for the corporation in making the bid, and only intended to advance sufficient money to pay off the executions held by the constable. This evidence came in under objection that it was outside of the issues made, and such is the fact. If defendants in the first instance, by their answer, had made an issue in line with such evidence, or had asked the court for the privilege of amending their answer when the evidence was given, and had been refused such privilege, it would seem the result of this litigation might have been entirely different. For such an agreement between Ambrose and the corporation, under proper pleadings, would have formed a material, as well as interesting, branch of the case.

We perceive no error in the action of the court in correcting the insubstantial defects in the constable's bond. The case appears to be one of hardship upon the defendant constable, but we find no path marked out in the law by which he may escape the serious results to him following his own negligence. Probably he has his remedy over against Ambrose for the balance of the purchase price, for, by the record, Ambrose appears to be financially responsible.

For the foregoing reasons the judgment and order are affirmed.

HARRISON, J., and VAN FLEET, J., concurred.