MEHERIN v. SAUNDERS, Constable, et al.

S. F. No. 1073; April 13, 1899.

56 Pac. 1110.

Insolvency—Enforcement of Bid—Setoff.—In an Action by an assignee in insolvency to enforce the payment of an amount bid for property of the insolvent at a constable's sale defendant may set off his claim for money borrowed from him by the insolvent, which had been filed and proved against the insolvent's estate.

Insolvency—Action to Enforce Bid—Setoff—Estoppel.—The fact that a creditor of an insolvent had filed and proved his claim against the estate, and accepted a dividend based on the entire amount, does not estop him from setting off such claim, in an action by the assignee to enforce payment of a bid for property of the insolvent sold at constable's sale.

APPEAL from Superior Court, City and County of San Francisco.

*For former opinion, see 124 Cal. 14, 56 Pac. 624.

Action by Mark Meherin, assignee in insolvency of the California Steamship Company, against J. N. Saunders, constable, and another. Judgment for plaintiff and defendant Thomas Ambrose appeals. Reversed.

A. Morganthal for appellant; Grant Jackson and Mullany, Grant & Cushing for respondent.

GAROUTTE, J.—Defendant Ambrose bid $10,000 for a piece of realty at an execution sale held by a constable. He paid the constable $855 in money, and gave his check for the balance of the purchase price. The money paid covered the judgment and costs, and the execution was returned satisfied. Thereafter payment of the check was stopped by Ambrose, and no more money was ever received under the sale. Upon this state of facts the judgment debtor's assignee in insolvency, the plaintiff herein, brought an action against the constable and his bondsmen, and recovered damages to the amount of the balance of the purchase price against the constable, and to the amount of $1,000 against his bondsmen. Upon appeal that judgment was affirmed by this court: Meherin v. Saunders, 110 Cal. 463, 42 Pac. 966. Subsequent to the foregoing proceedings the assignee in insolvency brought this action against the constable and the defendant Ambrose, purchaser at the sale, for the balance of the purchase price. The constable defaulted, and Ambrose now appeals from the judgment rendered against him, and also from the order denying his motion for a new trial.

There are a great number of interesting questions raised by the appeal in this case; but we refrain from discussing them, in view of another proposition urged, the disposition of which seems to finally end this litigation. By the answer of defendant Ambrose, he alleged that the insolvent debtor, represented by the plaintiff in this action, was, at the time of the constable's sale, and also at the time this action was brought, indebted to him in the sum of $80,000, and the evidence at the trial admits the existence of a large indebtedness. In substance, the trial court found that plaintiff's insolvent was indebted to defendant at the time of the constable's sale, to wit, October 24, 1891, in the sum of $28,604, and that upon January 5, 1892, defendant proved, presented and filed his verified claim as a creditor of the insolvent's estate for said

indebtedness. The court also found that subsequently defendant claimed and received a dividend based upon the amount of such indebtedness from the plaintiff as assignee in insolvency of the judgment debtor. The court then made the following finding: ''That the said sum for and on which the said California Steamship Company was on the said twenty-fourth day of October, 1891, indebted to the defendant Thomas Ambrose, and the said balance of said purchase price of and for said real property, so bid in and purchased by said defendant Thomas Ambrose at said constable's sale, on said twenty-fourth day of October, 1891, was not and are not mutual debts and credits or mutual debts or credits, and defendant Thomas Ambrose did not become, or intend to become, a debtor of said California Steamship Company by reason of such purchase by him of said property, or for any part of the purchase price at which he purchased the same; that the said defendant Thomas Ambrose, when he presented, proved and filed his said claim against said insolvent corporation, said California Steamship Company, on or about the sixth day of January, 1892, did not claim that the balance° of his said bill, to wit, said sum of $9,145, for and on account of which this action was brought, or any part thereof, was a credit upon the said sum of $28,604.47, so owing by said California Steamship Company to him, and he did not allow or give or permit any credit for said purchase price so bid by him for said property, or for any part thereof.'' As to that portion of this finding bearing upon defendant's intention to become a debtor of the judgment debtor, we do not see its materiality. We are unable to see how it affects this case, ·even if it be conceded that Ambrose did not intend to become a debtor of the judgment debtor when he made the purchase at the constable's sale. Again, it is difficult to see how any assistance to support the judgment in this case is given by a finding which declares as a fact that Ambrose did not become, nor intend to become, the debtor of the judgment debtor when he made the purchase. If he did not become a debtor of the plaintiff's insolvent by his failure to pay the purchase price, we are at a loss to see how the plaintiff can support the action.

By the findings quoted, the court declares that these cross-demands are not mutual debts and credits or mutual debts or credits. As to the nature of the plaintiff's cause of action,

his counsel stated, during the progress of the trial, to the following effect: Counsel for plaintiff: "You are mistaken in that. We do not claim it is a debt. It is money that he owes, in the sense of having purchased property, and owes the purchase price. We have to allege that money is owing from him, but it is not in the sense of a debt. He got something for a given sum of money. He did not pay that money. That is no debt. There was no credit given." Counsel for Ambrose: "You admit, then, that Ambrose does not owe anything to the California Steamship Company?" Counsel for plaintiff: "He owes us the purchase price for certain land." We are at a loss to understand the fine distinction here attempted to be drawn by plaintiff's counsel as between a debt and an amount due from defendant as the balance of the purchase price of a tract of land; yet there is nothing in a name, and, whatever name may be given to this claim by plaintiff, upon his own statement his action is one arising upon contract, and we see no reason in law why defendant's claim, which, as disclosed by the evidence, was for borrowed money, could not be offset against it. In his brief plaintiff's counsel says but little upon this question, but intimates that defendant is estopped by his conduct to rely upon a counterclaim. We see nothing in defendant's conduct in any way creating an estoppel against him. The fact that he proved his claim against the insolvent's estate for the entire indebtedness, and that he accepted a dividend based upon the entire amount of that indebtedness, does not create an estoppel. Indeed, appellant by his answer denied that he owed this money, denied that he even purchased the property, and denied that he agreed to pay $10,000 for it. But the court decided against him, and it knew best. He was mistaken as to the fact in this regard, and that fact being established contrary to his views, he then had the right to defend himself behind his second line of intrenchments, and claim an offset against the balance of the purchase price. By his answer and his evidence, he had the right, under the law, to defend himself behind as many different lines of intrenchments as he saw fit. As to the legal status of a case in which the constable was suing this defendant for a balance of the purchase price, we are not concerned. Here the plaintiff stands in the shoes of the judgment debtor. His position is no better and no worse. And as to the judgment debtor seeking to recover $9,000 as

balance due from defendant upon the purchase price of a tract of land, when at the same time that debtor owes the defendant $28,000 for borrowed money, the law will not sanction such a result. The findings are not sufficiently full to justify an order that judgment be entered for defendant in the trial court, but for the foregoing reasons the judgment and order are reversed and the cause remanded.

We concur: Harrison, J.; Van Dyke, J.