## BENJAMIN JORDAN vs. JONATHAN ROBINSON.

A foreign judgment is *prima facie* evidence of the debt sought to be recovered.

The *statute* of 1821 *c.* 62, § 7, limiting " all actions of debt, grounded upon any lending or contract, without specialty," does not extend to actions of debt on contracts raised by implication of law.

That statute is no bar to an action of debt, on a foreign judgment, founded upon a promissory note for the payment of money, attested by a witness.

THE nature of the action, and the facts in the case, appear in the opinion of the Court. At the trial before WESTON C. J. the defendant was defaulted, and it was agreed, that if the action could not, in the opinion of the Court, be maintained, the default was to be taken off, and the plaintiff become nonsuit.

*J. Godfrey* for the plaintiff, contended, that the foreign judgment was not conclusive evidence of indebtedness, but merely *prima facie* evidence of a promise. *Buttrick* v. *Allen*, 8 *Mass. R.* 273 ; 14 *Johns. R.* 479 ; *Douglas*, 1. This promise is barred by the statute of limitations. *Blanchard* v. *Russell*, 13 *Mass. R.* 1 ; *Byrne* v. *Crowninshield*, 17 *Mass. R.* 55 ; *Pearsall* v. *Dwight*, 2 *Mass. R.* 84 ; *Le Roy* v. *Crowninshield*, 2 *Mason*, 151.

*Hathaway* for the plaintiff. The judgment ought to be held conclusive evidence, as consonant to the comity which one nation owes to another. *Story's Conflict of Laws*, 506, 507, 508, 515. But if this judgment is but *prima facie* evidence, and subject to be impeached, the burthen of proof is on the defendant. 2 *Kent's Com.* 120 ; 2 *Stark. Ev.* 214, *note* 1. Wherever the statute of limitations would be a bad plea in the original suit, it would also be bad in a suit on the judgment. 5 *Johns. R.* 122 ; 11 *Johns. R.* 168 ; 2 *Stark. Ev.* 264, *note ;* 13 *Sergt. & Rawle*, 395 ; 2 *Saund. Plead. & Ev.* 526.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J.— This is an action of debt on a judgment of the Supreme Court of Judicature of the *British* Province of *New-Brunswick*, rendered in 1818 ; with a profert of an exemplification of the judgment, which forms the basis of the action. The

defendant has pleaded the general issue, and filed a brief statement, relying upon the statute of limitations.

Whatever objection may be made to the conclusive character of the judgment, by the practice and course of decisions in this country, there can be no question, but the judgment is *prima facie* evidence of the debt, sought to be recovered. No evidence or suggestion, impeaching the original validity of the judgment, has been offered by the defendant. Whether barred or not, therefore, must depend upon the statute of limitations. If it is an action of debt, grounded upon any lending or contract, without specialty, it is within the statute, unless excluded from its operation, by an exception, which will be noticed hereafter. The statute does not apply to all actions of debt, without specialty, but to such as are grounded upon any lending or contract. Our statute does in this respect conform to the *English* statute of the twentieth of *Charles the second*. And the *English* statute has been construed to apply to a lending or contract, actually and expressly made, and not to contracts, raised by implication of law. *Hodsden* v. *Harridge*, 2 *Saunders*, 64. The generality of the limitation was there held to be qualified by the words, "grounded upon any lending or contract," to the exclusion of such, as the law might raise or imply.

The obligation of a debt on judgment, does not arise from any express contract, made by the party, charged by it. *Judicium redditur in invitum.* Upon a refined and artificial view of the obligations, imposed by law upon every individual, they may be resolved into a contract, which he makes with society to obey the laws, by which he is protected. And the force of legal obligation, has, by some elementary writers, been attempted to be strengthened upon this principle. 3 *Bl. Com.* 160. But contracts of this description are not barred by this part of the statute; otherwise the qualifying words would be without effect or operation; for all actions of debt are founded upon contracts, expressed or implied, in this broad sense of the term. Upon this view of the statute, which in *Pennsylvania* corresponds with our own, the Supreme Court of that State, in *Richards* v. *Bickley*, 13 *Serg. & Rawle*, 395, were of opinion, that debt on a foreign judgment was not barred by the statute, at least unless it appeared to be based upon a lending or contract, without specialty. And as the foreign judg-

ment was there rendered upon a specialty, it was held not to be a case within the statute.

It was understood for some time, that debt could not be brought upon a foreign judgment; and that assumpsit alone was the proper remedy. Thus *Buller J.*, in *Walker* v. *Witter, Douglas* 1, says, " that we meet with no instance in the books of an action of debt, brought on a foreign judgment." That was the first instance in which the action had been sustained. And the bar may attach, when that form of action is resorted to, when it would not attach upon an action of debt. Some of the cases may be reconciled with each other, upon this distinction.

We are satisfied, that if we look to the judgment alone, as the basis of the action, without regard to the consideration, upon which it is founded, the obligation thence arising is not a debt, grounded upon any lending or contract, within the meaning of the statute. And if we look to the consideration of the judgment, we find it founded upon an express contract, but upon one excepted from the operation of the statute, being rendered upon a note in writing, for the payment of money, attested by a witness. The default is accordingly to stand; and judgment is to be rendered thereon.