## I. I. GILBERT *vs.* WILLIAM H. COLLINS.

Suffolk.    April 4, 1877. — March 1, 1878.

Under the Gen. Sts. *c.* 155, if a part payment has been made on an attested promissory note, the original payee may maintain an action upon it at any time within twenty years after the date of such payment.

CONTRACT upon the following promissory note: "$41.80. April 24, 1855. For value received I promise to pay 1. I. Gilbert or order forty-one dollars eighty cents on demand with interest. Wm. H. Collins. Attest: Charles S. Soule." On the back of the note was the following indorsement: "Portland, May 10, 1858. Received $20.20." Answer: 1. a general denial; 2. the statute of limitations. Writ dated August 12, 1875.

At the trial in the Superior Court, before *Pitman*, J., the signature of the defendant was admitted. The plaintiff offered evidence tending to show that he was a citizen of the State of Maine, and that the payment was made as indorsed upon the note. There was nothing on the face of the note, as originally drawn, to indicate where it was made.

Upon these facts, the defendant asked the judge to rule that, as the note did not indicate where it was made, and the action

was brought in Massachusetts, the contract must be regarded as having been made in this Commonwealth ; and that the writing would have no greater force or effect against the defendant than to be in and of itself a new contract, and against which the statute of limitations would be effectual after six years. But the judge declined so to rule, and did rule that a payment made upon a witnessed note gives it new life for the next twenty years. and that the action was not barred by the statute of limitations.

The jury returned a verdict for the plaintiff ; and the defend ant alleged exceptions.

*D. B. Gove,* for the defendant.

*W. B. French,* for the plaintiff.

SOULE, J. It being admitted at the argument that the note sued on was signed in the presence of an attesting witness, and the plaintiff being the original payee, an action brought within twenty years after the date of the note would not have been barred by the statute. Gen. Sts. *c.* 155, §§ 1, 4, 7. The plaintiff contends that the action is not barred, though not brought within that period, because it was brought within twenty years after a payment of part of the note had been made and indorsed. The defendant contends that the statute is an absolute bar to actions on witnessed notes, after twenty years from maturity; and that, if this is not so, the indorsement has no other force or effect than to be, in and of itself, a new contract, against which the statute of limitations would be effectual after six years, whereas the action was begun more than seventeen years after the payment and indorsement were made.

The first of these positions of the defendant cannot be maintained. The language of the section of the statute which limits actions to twenty years is no more absolute than that of the section which limits actions to six years. Section 17 provides that nothing contained in the four preceding sections shall alter, take away or lessen the effect of a part payment, and applies no less to actions which are barred in twenty years, than to those which are barred in six years. The question made by the defendant in this part of the case was fully considered, and decided adversely to his claim, in *Von Hemert v. Porter,* 11 Met. 210.

The indorsement is not, in terms, a new or independent contract, and would not support an action. Even if, in addition to

what it contains, it stated that the unpaid balance of the note was due, it would not have the force of a new undertaking. *Gray* v. *Bowden*, 23 Pick. 282. In order to have such effect, it must contain words importing a promise. *Commonwealth Ins. Co.* v. *Whitney*, 1 Met. 21.

The part payment of the note, however, operates as an acknowledgment by the defendant, when it is made, of the existence and validity of the debt, and forms a new point from which the statute will begin to run. *Sigourney* v. *Drury*, 14 Pick. 387. *Foster* v. *Starkey*, 12 Cush. 324. This is so, independent of the provisions of § 17 of the statute, already referred to. It is well established that such part payment may be proved by parol, and, if so proved, will avoid the statute, notwithstanding the provision of § 13, that no acknowledgment or promise shall be evidence of a new or continuing contract, to take a case out of the operation of the statute, unless such acknowledgment or promise is made or contained by or in some writing signed by the party chargeable thereby. *Williams* v. *Gridley*, 9 Met. 482.

The cases to which we have referred arose under the statute limiting actions to the period of six years. But the same principles apply to cases arising under § 7. A part payment operates alike in both classes of cases, to make a new point from which the statute begins to run. It is by implication an acknowledgment of the existence and validity of the debt in the form in which it originally existed, with all the rights and liabilities incident thereto. And the right of action, after such part payment, is subject only to the limitations to which it was subject when it first accrued.

The statute which begins to run anew from the time of the part payment is the statute which governed the limitation of actions on the obligation or debt, at its inception. The action is, and must be, on the original contract, and is barred or not, as the action is or is not brought within the period after the part payment, within which the statute provides that actions must be brought on the class of contracts or claims to which the original demand belongs.

Actions on witnessed notes in the hands of the payee are, by the terms of the statute, barred in twenty years, such notes, so held, being *expressly* excluded from the six years' limitation, by

§ 4.   They are placed in the same category with bonds and other specialties.   In *Roddam* v. *Morley*, 1 De G. & J. 1, 17, Lord Chancellor Cranworth said: "It is hardly necessary to state, that before the passing of the Act 3 & 4 Will. IV. *c.* 42, there was no statutory limitation affecting actions on bonds or other specialties.   The creditor might bring his action after any lapse of time.   But, to obviate the great inconvenience which such latitude of discretion in the creditor was calculated to occasion, it had become the universally recognized practice to presume, where a demand had been lying dormant twenty years or upwards, that the debt had been satisfied, though there might be no positive evidence of payment."   "This presumption, however, would have occasioned great injustice, if it had not been liable to be met by direct evidence to the contrary, or by counter presumptions; and, accordingly, it was always held, that an acknowledgment within the twenty years, properly authenticated, and admitting the debt or part payment of principal or interest within the same period, were facts sufficient to rebut the presumption of payment arising from lapse of years."   See also *Oswald* v. *Legh*, 1 T. R. 270; *Moreland* v. *Bennett*, 1 Stra. 652; *Rose* v. *Bryant*, 2 Camp. 321.   The provisions of the St. of 3 & 4 Will. IV. are in accordance with the common law.

In this Commonwealth, it was held in *Denny* v. *Eddy*, 22 Pick. 533, that the statute provision, that judgments shall be presumed to be satisfied and paid at the expiration of twenty years after the judgment was rendered, is but a mere statute enactment of the familiar common law principle, that, after the lapse of twenty years, a debt is presumed to be paid.   But this presumption may always be rebutted by evidence showing that the same has not in fact been paid.   Partial payment having been shown, about eighteen years before suit brought, the presumption of payment was held to be controlled, and judgment given for the plaintiff.

We are of opinion, therefore, that the action was not barred by the lapse of time, a part payment having been made on the note within twenty years before the date of the writ, and that the ruling of the court below was correct.   The statute of this Commonwealth limiting actions on witnessed notes has not been widely adopted.   But a similar statute exists in Maine, where it

has repeatedly been held, by the court of last resort, that, after part payment of a witnessed note, action thereon is not barred within the period of twenty years. *Estes* v. *Blake*, 30 Maine, 164. *Lincoln Academy* v. *Newhall*, 38 Maine, 179. *Howe* v. *Saunders*, 38 Maine, 350.

The case of *Sibley* v. *Phelps*, 6 Cush. 172, relied on by the defendant, contains nothing inconsistent with this opinion. There, the suit was brought within six years after the partial payment was made, and within twenty years after the note, which was attested, fell due. The judge who presided at the trial ruled that the limitation of twenty years did not govern the action, because the note was not negotiable, and that the part payment was not proved, because the indorsement was written by the holder at request of the maker. This court decided both rulings to be incorrect. The case did not raise the question which is presented here.

The statute of limitations affects the remedy only, and the defendant was correct in the position that the case must be determined by the law of this Commonwealth. But, inasmuch as the jury were properly instructed as to the time which must elapse after the part payment, before the action would be barred, the defendant was not injured by the refusal to rule, in terms, that the law of this Commonwealth must govern the case.

*Exceptions overruled.*