IRVING J. BROWN *vs.* S. STILLMAN WEST, and HALL L. DAVIS, Trustee.

Cumberland.    Opinion September 27, 1881.

*Trustee process.   Necessaries.   R. S., c. 86, § 55.*

A claim for necessaries is merged in and extinguished by a judgment rendered in a suit upon the claim, and an action upon such a judgment is not a suit for necessaries furnished, within the meaning of R. S., c. 86, § 55.

ON AGREED STATEMENT OF FACTS from superior court.

It was agreed that this action was brought on a judgment which was recovered in an action on account annexed for necessaries furnished by the plaintiff for the defendant, within the meaning of R. S., c. 86, § 55. And the trustee disclosed that he was indebted to the principal defendant in the sum of $13.20 as wages for the personal labor of the defendant performed within one month next preceding the service of the writ upon the trustee.

*Augustus F. Moulton,* for the plaintiff.

The statutes, (R. S., c. 86, § 55, clause sixth) do not say "any action on account for necessaries," but puts it broadly in general terms "any suit for necessaries." The undoubted intent was that wages in no event were to be exempt from trustee process on a debt for necessaries actually furnished.

Now while neither party can go behind the judgment for the purpose of attacking it, yet the original cause of action may be looked at for a purpose not inconsistent with the validity of the judgment, and designed to carry it into effect. *Evans* v. *Sprigg*, 2 Md. 473. And a judgment instead of being regarded as strictly a new debt is sometimes held to be the old debt in a new form, to prevent a technical merger from working injustice. *Clark* v. *Rowling*, 3 Comst. (N. Y.) 216. See also, *Betts* v. *Bagley*, 12 Pick, 579 : Freeman on Judgments, § 244 ; *Dresser* v. *Brooks*, 3 Barb. 440.

*O. M. Metcalf*, for the defendant and trustee, cited : 32 Maine, 418 ; 36 Maine, 15 ; 4 Allen, 397 ; 35 Maine, 126 ; 10 Cush. 43 ; 9 Gray, 211 ; 11 Gray, 399.

APPLETON, C. J. This is an action of debt on a judgment recovered for "necessaries furnished" the defendant or his family. It embraces the amount due in the original suit and the costs of its recovery. It is not for necessaries furnished within the meaning of R. S., c. 86, § 55. That claim was merged in the judgment rendered in the suit to recover the amount due. The old debt is extinguished. The judgment constitutes the only existing cause of action. The nature of the security is changed. The statute of limitations is enlarged. While some rights are lost others are gained. But the suit is not a suit for "necessaries furnished" the defendant's family, and the trustee is not chargeable. *Bicknell* v. *Trickey*, 34 Maine, 273 ; *Uran* v. *Houdlette*, 36 Maine, 15 ; *Bangs* v. *Watson*, 9 Gray, 211.

The labor was performed within one month next preceding the service of the trustee process, hence, by the terms of the statute, the alleged trustee is not to be charged.

*Trustee discharged.*

WALTON, BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.