W. H. HUGHES, Executor of Samuel Calvert, v. R. O. BOONE, Administrator of Charlton R. Boone.

*Statute of Limitations—Judgment—Partial Payment.*

1. A partial payment made on a judgment does not arrest the running of the statute of limitations.

2. Section 164 of *The Code*, allowing the personal representative of a decedent to sue, does not extend the life of a judgment beyond the ten years where the judgment creditor dies more than a year before the expiration of the ten-year limitation.

3. Section 168 of *The Code*, which suspends the statute of limitations during the pendency of a contest over the probate of a will, applies only where there is no administrator or collector during the contest.

CIVIL ACTION, tried before *Bynum, J.*, and a jury, at August Term, 1893, of NORTHAMPTON Superior Court, the sole question presented being the statute of limitations,

and the issue submitted being, Is the debt of the plaintiff barred by the statute of limitations?

It was admitted that Calvert, the testator of the plaintiff, obtained a judgment against Boone, the intestate of the defendant, in the Superior Court of Northampton County on January 13, 1873. That an execution was issued and thirty-two dollars paid on it on the 23d of April, 1874. It was further admitted that Calvert, the plaintiff's testator, died on the 3d day of September, 1881; that letters of administration issued to the plaintiff on the 9th day of December, 1881; that a will was afterwards found in which plaintiff was named as executor; that thereupon probate in common form was had and the plaintiff appointed executor on February 2, 1882, and letters testamentary issued on that date, and the letters of administration previously issued revoked.

It was further admitted that on the 4th day of March, 1882, a *caveat* was entered to the will of the plaintiff's testator, which pended until October 5, 1885, when a decree was obtained establishing the will.

It was further admitted that the defendant's intestate, Boone, died on the 20th day of October, 1884, and letters of administration on his estate issued to the plaintiff on the 20th day of October, 1884. The summons in this cause was issued February 26, 1889.

Hughes, the plaintiff, testified as follows: " I knew Charlton Boone; I called the attention of the defendant, his administrator, to this debt shortly after he qualified as administrator; told him there was a judgment; he said his brother, Charlton Boone, left a book which had credits to go on this judgment; I wanted him to pay it; I mentioned it to him several times after this. He told me the legatees told him not to pay it. I said nothing to him about the amount of the judgment."

Upon cross-examination says: "The defendant administrator told me on one occasion that Mr. Bowen, a lawyer, had told him not to pay it, and that the heirs at law told him not to pay it. I was at Charlton Boone's sale; knew he was dead; I do not remember seeing any notice for creditors to present their debts."

This was all the evidence.

Upon the close of the evidence the Court informed the counsel for the plaintiff that he should instruct the jury that if they believed the evidence it would be their duty to return a verdict for the defendant, and answer the issue, Yes. And upon this intimation the plaintiff submitted to a nonsuit and appealed.

*Mr. Thomas W. Mason,* for plaintiff (appellant).
*Mr. Robert B. Peebles,* for defendant.

CLARK, J.: The judgment was docketed January 13, 1873. The judgment debtor died October 20, 1884. The judgment was then already barred (*The Code,* §152, par. 1) unless there was something on the other side which suspended the running of the statute of limitations. The partial payment made on the judgment April 23, 1874, did not have that effect. *McDonald* v. *Dixon,* 87 N. C., 404. And, besides, ten years from that date had also elapsed.

Nor did the death of the judgment creditor, September 3, 1881, suspend the statute, for the effect of that was only to give one year's time from the death of the creditor to the personal representative to bring action; if otherwise it would have been barred by the lapse of ten years before such year had expired. *The Code,* §164; *Benson* v. *Bennett,* 112 N. C., 505. But there was more than one year after the death of the creditor before the ten years expired, and therefore section 164 has no place.

Nor does *The Code*, §168, suspending the time during the controversy over the probate of a will, apply, as that. evidently from its terms is intended for cases in which there was no administrator during the contest over the will of the debtor. If there was no collector or special administrator of the creditor's estate in such case, it being the plaintiff's own laches, it would not suspend the statute. This distinction appears again in section 164, where one year is allowed after the death of the creditor and one year after administration upon the estate of the debtor. The reason for the difference is pointed out in *Coppersmith* v. *Wilson*, 107 N. C., 31. But even if there was not this distinction and section 168 applied also when there was a contest over the probate of the creditor's will, still, the statute having been pleaded, it devolved upon the plaintiff to show that the claim was not barred (Clark's Code, 39, and cases there cited), and he has failed to show that there was no executor or collector authorized to sue during the pendency of the contest about the probate of the will. Indeed, it appears strongly from the evidence that there was, as the claim was presented by plaintiff to defendant soon after his qualification in October, 1884. Besides, action was not begun within one year after the administration upon the estate of the debtor (even excluding the time of contest over the probate of the creditor's will, which ended October 5, 1885) and the claim was not admitted by defendant administrator (*The Code*, §164), but was denied. The action was begun February 26, 1889. In any aspect it was barred. The plaintiff's debt being barred, he cannot derive any aid from the allegation that the defendant administrator has filed no account or inventory. *Redmond* v. *Pippen*, 113 N. C., 90.                                   No Error.