D. M. OSBORNE & CO. v. FRITZ HEUER and Others.[1]

Nov. 22, 1895.

Nos. 9708—(128).

**Statute of Limitations—Judgment—Acknowledgment.**

O. having a judgment against H. and another, H. and a third person executed to O. a promissory note, payable at a future day, for the amount of the judgment; the note expressly stating that it was given for the purpose of securing an extension of time for the payment of the judgment. *Held*, that this constituted an acknowledgment and new promise on the part of H., which, as to him, took the judgment, as a debt, out of the statute of limitations.

Appeal by plaintiff from a judgment of the district court for Sibley county, dismissing the action. The case was tried before Cadwell, J., and a jury, and when plaintiff rested, the court granted the motion of defendants Holzkamp and Dahms to dismiss the action. Reversed.

*Taylor, Woodard & Brett,* for appellant.

*Dalzell & Young,* for respondents.

MITCHELL, J. This action was on a promissory note executed by the defendants to the plaintiff. The short facts are as follows: On February 16, 1884, the plaintiff obtained a judgment against the defendant Holzkamp and one Heuer. On January 2, 1893, the judgment being unpaid, Holzkamp (one of the judgment debtors) and Dahms executed to plaintiff the note in suit, for the amount of the judgment, payable December 1, 1893. The note expressly stated that it was "given as collateral to judgment of date February 16, 1884, against Fritz Heuer and Henry Holzkamp, in favor of D. M. Osborne & Co., and is given for the purpose of securing and getting extension of time on account of judgment."

This action on the note was commenced prior to February 16, 1894, but was not tried until June, 1894. The defense set up was that defendants executed the note in payment of the judgment, and that, in consideration thereof, plaintiff agreed to satisfy the judgment of rec-

[1] Reported in 64 N. W. 1151.

ord, but had failed and neglected to do so.    Defendants' contention also was that the statement as to the purpose for which the note was given was no part of it, and was not written on it when they executed it.    Aside from testimony showing that this statement was part of the note when executed, the plaintiff offered no evidence except the note itself.    When plaintiff rested, the court, on motion of the defendants, dismissed the action, on the ground, as stated in the record, that the note was given as collateral to the judgment, and, inasmuch as the judgment had "ceased to exist" (meaning, we assume, that it was barred by the statute of limitations), the plaintiff could not recover on the collateral.    The correctness of this ruling is the only question presented by this appeal.

The court seems to have assumed that the note was simply collateral security for the payment of the judgment.    Whether this was correct, or whether it operated as conditional payment, and a suspension of the debt until the maturity of the note, we need not inquire, for the court was clearly in error in holding that the judgment was barred by the statute of limitations.    The giving of the note in question was clearly an acknowledgment and a new promise on the part of Holzkamp, which took the case out of the operation of the statute as to him.    The lien of the judgment on real estate, if any, and the right to issue execution on it, may have ceased by reason of the lapse of 10 years from its rendition; but the judgment remained a subsisting debt against Holzkamp, upon which an action might be brought.

Judgment reversed, and new trial ordered.