J. C. McCASKILL v. J. M McKINNON and Wife.

*Judgment—Final Judgment—Decree of Foreclosure of Mortgage —Statute of Limitations.*

1. A judgment for a debt including an order for the sale of land mortgaged to secure the same, is final as to the debt at the time when rendered and not at the time when the decree confirming the sale is made.

2. Where, in an action to recover the amount due on a note and to foreclose the mortgage securing the same, judgment was rendered on the debt at September Term, 1886, of a Superior Court and in the judgment an order was made directing the sale of the land which sale was reported to and confirmed at June Term, 1887, of the Court and the proceeds were credited on the judgment at the latter date; *Held,* that the Statute of Limitations began to run at the date of the

money judgment in September, 1886, and not from the date of the confirmation of the sale.

3. A payment on a judgment does not arrest the running of the Statute of Limitations.

4. An appeal from the judgment of a Clerk of the Superior Court refusing leave to issue execution on a judgment may be heard by the resident or presiding Judge of the District at Chambers in another County.

This was a motion by plaintiff under Section 440 of *The Code* for leave to issue execution, heard before *Coble, J.*, at Chambers, on appeal from a judgment of the Clerk of the Superior Court of RICHMOND County.

The action was brought to Fall (September) Term, 1886, of the Superior Court of Richmond County, N. C., the Summons in which was served September 3rd, 1886. At said Fall (September) Term, 1886, the complaint was filed, from which it appears that the action was brought to recover from defendants an indebtedness of $3,000.00 and interest due by their joint note, secured by mortgage deed executed by defendants to the plaintiff. The defendants having failed to answer within the time prescribed by law, judgment was rendered against them and in favor of the plaintiff for the amount of said indebtedness as alleged in the complaint at said Fall (September) Term, 1886, of said Court, by Judge J. A. Gilmer. And it was ordered in the said judgment that in the event the said indebtedness was not paid within a time certain fixed by the Court, the land named in said mortgage deed should be sold to satisfy same. A Commissioner was appointed by the Court with directions to report to the next Term, and in the same judgment it was ordered that "this cause be retained for further directions." Default having been made in the payment of said indebtedness so ascertained by the Court, the land was sold by the Commissioner on the 4th day of April, 1887, who made his report of sale to June Term, 1887, at which said

121—25

June Term, 1887, final judgment was rendered by Walter Clark, Judge Presiding, approving and confirming all that had been done in the cause. Both judgments were duly docketed and indexed. The first and only execution issued on this judgment by J. A. Gilmer, Judge, Fall Term, 1886, is dated 21st July, 1887. The case appeared regularly on the Civil Issue Docket until June Term, 1887, when there was final judgment, and since then disappeared from the docket. This motion for leave to issue execution was instituted and served 15th day of February, 1897. The balance due on said judgment is still unsatisfied and due plaintiff. The defendant, John M. McKinnon, died insolvent, pending this appeal in Supreme Court, and plaintiff elects to proceed only against the co-defendant, M. E. McKinnon.

The Clerk denied the motion and plaintiff appealed to the Judge who sustained the judgment of the Clerk and plaintiff appealed.

*Mr. J. F. Payne,* for plaintiff (appellant).
*Mr. W. H. Neal,* for defendant.

CLARK, J.:   Judgment was rendered at September Term, 1886, in favor of the plaintiff against the defendant to recover the sum of $3,000 and interest and decreeing the foreclosure of the mortgage which had been executed to secure the debt. At June Term, 1887, the Commissioner appointed under the decree of foreclosure made his report which was confirmed and he was directed to credit the aforesaid judgment with the sum of $1,500 realized at the foreclosure sale and to make title to the purchaser.

This was a motion under Section 440 of *The Code* for leave to issue execution, made before the Clerk of Richmond County on the 15th of February, 1897, and heard on appeal by the Judge at Chambers in Carthage, Moore County.

The plaintiff contends that the judgment at September

Term, 1886, was interlocutory only, and that there was no final judgment till June Term, 1897, and hence that he is not barred by the Statute of Limitations, *Code*, Section 152, (1). But the judgment at Fall Term, 1886, was final as to adjudging the recovery of money, and it is only for the recovery of the unpaid part of the sum therein adjudged that execution is moved for. The judgment of September, 1886, was "retained for further directions" and interlocutory only as to the foreclosure, and upon the final judgment rendered as to that at June Term, 1897, no execution is now asked, or indeed could be asked. It was the conclusion of that matter and left nothing which could be done by an execution, if issued now. An action on the judgment would be barred (*McDonald* v. *Dickson*, 85 N. C., 248) but notwithstanding the lien of the judgment has ceased, a motion to issue execution thereon would not be barred if execution had been regularly issued once in every period of three years. *Williams* v. *Mullis*, 87 N. C., 159. But here the record shows that no execution had issued since July, 1887. *Lytle* v. *Lytle*, 94 N. C., 683.

The payment entered upon the judgment at June Term, 1887, did not arrest the running of the Statute. *McDonald* v. *Dickson*, 87 N. C., 404; *Hughes* v. *Boone*, 114 N. C. 54.

The appeal from the Clerk could be heard at Chambers in another County. *Ledbetter* v. *Pinner*, 120 N. C., 455.

Affirmed.