## MARY OLSON v. OLE DAHL.[1]

December 7, 1906.

Nos. 14,885—(64).

**Limitation of Actions—New Promise.**

   A judgment does not come within the rule made the foundation of section 4086, R. L. 1905, by which a new promise or part payment suspends the operation of the statutes of limitations and revives and continues the cause of action.

**Same.**

   That rule applies to contracts, express or implied.

**Same.**

   A judgment is not a contract within the meaning of the rule.

**Same—Part Payment of Judgment.**

   A cause of action becomes merged in the judgment rendered in an action to recover thereon, and is therefore extinct, and a part payment of the

[1] Reported in 109 N. W. 1001.

judgment, after the bar of the statute of limitations has become fixed, does not, by implication, revive the original cause of action, as such payment operates upon contracts for the payment of money.

Action in the district court for Hennepin county to recover $1,613.95, and interest, upon a judgment recovered by plaintiff against defendant in 1890 in an action upon a promissory note. The case was tried before Holt, J., and a jury, which returned a verdict in favor of plaintiff for $3,153. From an order denying a motion for judgment notwithstanding the verdict and setting aside the verdict and granting a new trial unless plaintiff stipulate to reduce the verdict to $1,400, defendant appealed. Reversed, and the cause remanded with direction to award judgment for defendant.

*Willoughby M. Babcock,* for appellant.
*Benjamin Drake, Jr.,* for respondent.

BROWN, J.

This action was commenced in September, 1905, to recover upon a judgment theretofore, in February, 1890, rendered in favor of plaintiff and against defendant in the district court of Hennepin county for the sum of $1,613.95. Defendant pleaded in defense the statute of limitations, in reply to which plaintiff alleged that on December 24, 1904, defendant paid upon the judgment the sum of $5. The only question litigated in the court below was whether this payment was made upon the judgment, or whether, as contended by defendant, it was a gift by him to plaintiff. The jury by their verdict for plaintiff resolved the question in her favor, thereby finding that it was a payment upon the judgment, and we adopt their conclusion as a fact in disposing of the case. Subsequent to the trial, defendant moved in the alternative for judgment notwithstanding the verdict, or for a new trial. Upon the consideration of this motion, the court held that the evidence was insufficient to justify the jury in finding that the payment was intended to apply upon the judgment, but that it was sufficient to justify the conclusion that defendant intended it to apply upon the original indebtedness upon which the judgment was rendered. It therefore denied defendant's motion for judgment or for a new trial, and ordered judgment for plaintiff for the sum of $1,400, the amount of the note upon which the judgment was rendered; the theory of the court being that,

though the judgment was not revived by the payment, the original indebtedness was. Plaintiff accepted the terms of the order, being satisfied with the judgment for the amount of the original indebtedness, with interest from the date of the payment in 1904, and defendant appealed.

The questions presented by the record for our consideration are: (1) Whether the rule of part payment, made the foundation of section 4086, R. L. 1905, applies to a judgment for the recovery of money; and (2) if it does not, whether a part payment of a judgment, after it has become barred by the statute of limitations, will revive the debt upon which it was founded.

Section 4272, R. L. 1905, provides that a judgment for the payment of money "shall survive, and the lien thereof continue, for the period of ten years after its entry, and no longer." Section 4075, R. L. 1905, provides that no action shall be maintained upon a judgment or decree of court "unless begun within ten years after the entry of such judgment." The judgment in question was rendered in the year 1890, but this action was not commenced until 1905, fifteen years after its rendition, and is barred by the statute just referred to, unless the payment made in 1904 revived and continued the judgment in force. Section 4086, R. L. 1905, provides that:

> No acknowledgment or promise shall be evidence of a new or continuing contract sufficient to take the case out of the operation of this chapter, unless the same is contained in some writing signed by the party to be charged thereby; but this section shall not alter the effect of a payment of principal or interest.

Chapter 16 of the acts of Parliament of the twenty-first year of James I is the foundation of all statutes of limitations, both in England and this country. That act contained no exceptions preventing the operation of the statutes in cases where a new promise or acknowledgment of indebtedness, or part payment, was made by the debtor. The limitations of time within which actions were required to be brought were absolute. On the theory that the statute created simply a presumption of payment, or served only to extinguish the remedy of the creditor, the courts of England judicially ingrafted thereon an ex-

'ception to .the effect that a new promise or part payment of the debt revived the cause of action and set the statute running anew. · This interpretation of the law led to Lord Tenterden's act (9 Geo. c. 14), by which it was enacted that no new promise should be sufficient to take the case out of the operation of the statute, unless in writing signed by the party to be charged; further providing that the effect of part payment, which the courts had held operated to revive, should not be changed by that enactment. The purpose of that act was to put a limitation upon the rule ingrafted upon the original statute by the courts, by requiring the new promise, which the courts held sufficient to toll the statute, to be in writing. The act did not create the rule, but simply recognized its existence and limited or restricted its application or operation.

Thus the law came to this country, and a statute similar to Lord Tenterden's act is found upon the statute books of nearly all, if not all, of our states. Section 4086, R. L. 1905, was taken from that act. The new promise or part payment has never, however, been applied to actions in tort, or those founded upon specialties. The rule has been confined to contracts, express or implied, for the payment of money. Where actions in tort or upon specialties are required to be brought within a specified time, no part payment or promise to pay will operate to suspend the operation of the statute, or remove the bar when it has once attached. Wood, Lim. (3d Ed.) § 66. The theory of the courts in this respect is that, as to such obligations, the action is not, and cannot be, founded upon a promise, either express or implied, but must, in the nature of things, be either in debt or covenant; therefore a new promise or part payment will not continue the right of action. The rule is fully discussed in Wood on Limitations, § 64 et seq., where the authorities are collected and referred to.

The question presented in the case at bar is whether a judgment for the recovery of money comes within the rule applicable to part payment, and whether, when made, it will revive the judgment and continue it in force. It is not at all difficult to demonstrate, theoretically at least, that a judgment is a contract. Blackstone makes the statement in his commentaries that it is, and some of the authorities, following in line with his theory, have classed it with specialties. · 3 Blackstone, Comm. 160; Sawyer v. Vilas, 19 Vt. 43.

But a practical consideration of the question, in the light of the essentials to the existence of valid contract relations, leads to the contrary conclusion. In fact, the weight of authority, both in England and this country, is to the effect that a judgment is not a contract in any proper sense of the term. 1 Black, Judg. 8; Bidleson v. Whytel, 3 Burrows, 1548; Morley v. Lake Shore & M. S. Ry. Co., 146 U. S. 162, 13 Sup. Ct. 54, 36 L. Ed. 925; Jordan v. Robinson, 15 Me. 168; Wyman v. Mitchell, 1 Cow. (N. Y.) 316; O'Brien v. Young, 95 N. Y. 428, 47 Am. 64; Smith v. Harrison, 33 Ala. 706; Wyoming v. Brown, 7 Wyo. 494, 53 Pac. 291, 75 Am. St. 935. It is treated as a contract for certain purposes by some of the courts, for instance, in construing statutory provisions permitting several causes of action arising upon contract to be united in the same complaint. On the other hand, it is held not a contract within the meaning of the Constitution, prohibiting legislation impairing the obligation of contracts (Morley v. Lake Shore & M. S. Ry. Co., 146 U. S. 162, 13 Sup. Ct. 54, 36 L. Ed. 925); nor within the rule by which the statutes of limitations are tolled by a new promise or part payment. That rule has been held distinctly not to apply to judgments. McCaskill v. McKinnon, 121 N. C. 192, 28 S. E. 265, 61 Am. St. 659; Taylor v. Spivey, 33 N. C. 427; McDonald v. Dickson, 87 N. C. 404; Niblack v. Goodman, 67 Ind. 174; McAleer v. Clay (C. C.) 38 Fed. 707; Berkson v. Cox, 73 Miss. 339, 18 South. 934, 55 Am. St. 539; Hughes v. Boone, 114 N. C. 54, 19 S. E. 63; Wood, Limitations (3d Ed.) § 66; 19 Am. & Eng. Enc. (2d Ed.) 289. An extended discussion of the question will be found in the authorities cited, which we do not feel called upon to repeat. The case of Carshore v. Huyck, 6 Barb. (N. Y.) 583, holding that a judgment may be thus revived and continued, is criticised in Wood on Limitations as unsound. That is the only case to which our attention has been called wherein it is held that the rule of part payment does revive a judgment. The question was not involved in the case of D. M. Osborne & Co. v. Heuer, 62 Minn. 507, 64 N. W. 1151, and what was there said on the subject must be treated as obiter. It appeared in that case that defendant had given plaintiff a promissory note for the amount of the judgment against him before the same had become barred by the statute, and the action was upon the note, not upon the judgment. The

court properly held that plaintiff was entitled to recover; the note having been given as collateral, or in payment of the judgment, which was valid and subsisting at the time and constituted a sufficient consideration therefor. It was immaterial in that case that the judgment had become barred before the action was brought on the note. The note constituted a new and independent express contract, and the contention that it lapsed and became extinct at the time the judgment became barred was not sound.

There are cases involving the limitation statutes wherein it is held that a judgment becomes wholly functus officio at the end of ten years, the period within which an action must be brought thereon, and that nothing short of an action to revive the same, or scire facias, in those states where that remedy is available, brought within the time fixed therefor, will save it from passing to its final sleep. Our statutes, which provide that absence from the state by the debtor shall not be counted in determining whether an action has become barred, was held by the supreme court of Maine not to apply to actions upon judgments. Lamberton v. Grant, 94 Me. 508, 48 Atl. 127, 80 Am. St. 415. But we are not required to go to that extent in the case at bar, and we express no opinion upon that subject, but hold that a judgment for the recovery of money does not come within the rule that part payment revives and continues in force a contract obligation for the payment of money.

It remains to be considered whether the part payment of a judgment, either before or after the same is barred by the statute of limitations, revives the debt upon which the judgment was rendered. It is elementary that a cause of action is merged in the judgment, and upon the entry of the judgment the same becomes changed in form and its original character wholly extinguished. The rule is stated in United States v. Leffler, 11 Pet. (U. S.) 86, 9 L. Ed. 642, as follows: "If there be any one principle of law settled beyond all question, it is this: That whenever a cause of action in the language of the law, transit in rem judicatum, and the judgment remains in full force and unreversed, the original cause of action is merged and gone forever." Such is the rule of all the courts, so far as our examination of the authorities has extended. The original cause of action loses its identity and character and is changed and transformed into another cause of action, a judgment, and it can no longer be made the basis

of another action.  Cases holding in harmony with this view are: Davison v. Harmon, 65 Minn. 402, 67 N. W. 1015; Bank v. Mobile, 69 Ala. 305; Brown v. West, 73 Me. 23; Andrews v. Varrell, 46 N. H. 17; Brigel v. Creed, 65 Ohio St. 40, 60 N. E. 991; McDonald v. Dickson, 87 N. C. 404; 20 Am. & Eng. Enc. (2d Ed.) 599.

In view of the authorities cited, we are unable to concur with the learned trial court in holding that the payment made upon the judgment here in question could by implication be referred to or operate to revive and continue the original indebtedness and authorize an action to recover thereon.  Whether the original indebtedness, or the judgment after the bar of the statute has become fixed, could be made the basis of an express contract for its payment, we do not determine. No express contract is shown in this case, as was shown in D. M. Osborne & Co. v. Heuer, supra.  The effect of part payment as an implied promise to pay the balance due is alone involved.

The order appealed from is therefore reversed, and the cause remanded with directions to the court below to award judgment for defendant.