JACOB D. GARABEDIAN *et al. vs.* GEORGE AVEDISIAN.

FEBRUARY 18, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1) Statute of Limitations. Judgments.*

A part payment does not interrupt the statute of limitations in the case of a judgment.

DEBT ON JUDGMENT. Heard on exceptions of defendant and sustained.

VINCENT, J. This is an action of debt on judgment brought by the plaintiffs as trustees for Hagop Aslanian to recover the amount due on a judgment entered against the defendant in the Central District Court of Worcester in the Commonwealth of Massachusetts on the 24th day of March, 1896, for the sum of $110.80.

This action was brought on the 23rd day of August, 1916, more than twenty years after the rendition of the judgment. The defendant filed a plea of *nul tiel record* and also pleaded the statute of limitations. The case was tried to a jury in the Superior Court and a verdict was rendered for the plaintiffs for the sum of $182. The defendant's motion for a new trial was heard and denied and the case is now before us upon the defendant's exceptions. These exceptions are

numbered from one to fourteen, both inclusive. The first exception is to the ruling of the court denying the motion for a new trial; the twelfth exception is to the refusal of the court to direct a verdict for the defendant and exceptions thirteen and fourteen are to portions of the charge. The remaining exceptions are .to the rulings of the court in admitting and rejecting testimony.

Our statute provides that actions of debt on judgment "shall be commenced and. sued within twenty years next after the cause of action shall accrue, and not after."

It is not claimed that the present suit was brought within twenty years after the rendition of the judgment upon which the suit is based. The plaintiff, however, has shown that prior to the expiration of the twenty years the defendant, on four different occasions, paid to him small sums of money aggregating $28, and that such sums were paid on account of such judgment and he now claims that these partial payments took the case out of the statute of limitations .or in other words that the statute of limitations commenced to run anew from the date of the last payment.

This seems to be the most important and perhaps the controlling question in the case and one upon which the authorities are somewhat divided. In some jurisdictions it is held that a judgment is not a contract within the meaning of the statute of limitations. Therefore it is held that the acknowledgment of a judgment or a part payment of the same does not remove the bar of the statute and start the statute running afresh.

In other jurisdictions it is held that an acknowledgment of liability on a judgment-debt or a part payment thereof has the same effect to interrupt the running of the statute of limitations as have the same acts in regard to other contractual obligations.

This division of authority is due to different views regarding the character of a judgment, that is, whether it is or not a contract within the meaning of the statute of limitations. The courts holding it to be a contract maintain that part

payment removes the bar of the statute while those holding that a judgment is not a contract reach an opposite conclusion.

Preliminary to an examination of the authorities cited by the plaintiffs in support of their contention that a part payment removes the bar of the statute, it will be desirable to bear in mind the effect of a judgment upon the claim sued upon. The authorities are substantially in accord that when a judgment has been obtained the original debt is merged in it, and can never be revived by a new promise or part payment, so as to be the subject of a cause of action. *Ludwig et al.* v. *Huck*, 45 Ill. App. 651; *Brown* v. *West*, 73 Me. 23; *McCormick* v. *Brown*, 36 Cal. 180; *United States* v. *Leffler*, 11 Pet. 86; *Olson* v. *Dahl*, 99 Minn. 433; *Berkson* v. *Cox*, 73 Miss. 339.

The plaintiffs cite *Gilbert* v. *Collins*, 124 Mass. 174 (1878), which was a suit brought upon an attested promissory note upon which, under the statute of Massachusetts, an action might be maintained by the original payee at any time within twenty years. The statute further provided that nothing contained in the provisions embracing the twenty year's limitation should alter, take away or lessen the effect of a part payment. Under this provision of the statute referred to the decision of the Massachusetts court would seem to be correct.

The case at bar differs from the Massachusetts case, *supra*, in at least two particulars. The claim in the Massachusetts case had not become merged in a judgment and our statute of limitations is not modified by any provision intended to preserve the effect of a part payment. For these reasons it does not seem to us that *Gilbert* v. *Collins* is valuable as an authority in the case at bar.

The case of *Von Hemert* v. *Porter*, 11 Met. 210 (1846), also cited by the plaintiffs, was an action of assumpsit for the recovery of the amount due upon an account for merchandise. The action was not commenced within six years, the time limited by statute. The defendant pleaded the

statute in bar. The court held that inasmuch as the plaintiff was never within the United States he came within the exception that a person absent from the United States at the time when the cause of action accrues may bring his action within the time limited after the disability shall be removed. We see nothing in this applicable to the case under consideration.

The case of *Carshore* v. *Huyck*, 6 Barb. 583 (1849), upon which the plaintiffs to some extent appear to rely, was an action of debt upon a judgment. The plaintiff claimed that a promise by the defendant to pay the judgment, although such promise was made after the period of limitation had expired, was sufficient to revive the judgment and enable him to declare upon it as an existing cause of action. While the decision in this case is to some extent favorable to the contention of the plaintiffs here, it is evident that the learned judge felt that his conclusions were forced upon him by earlier decisions in the State of New York for he expresses his reluctance to follow them in these words: "Upon a full examination of the cases in which the subject has been discussed I am satisfied that, at least in this state, the doctrine is too firmly established to be again unsettled, that where the operation of the statute of limitations is avoided by a new promise, the *old demand*, and not the *new promise*, is to be the foundation of the action. I confess that were I at liberty to reason upon the question, the inclination of my mind would be to the other side of this question. The doctrine rests for its support upon a distinction between the cause of action itself, and the remedy. The distinction is too thin and subtle to be received with satisfaction. An existing, continuing cause of action, without any remedy to enforce it, is, to my mind, a mere abstraction. To say that a man has a cause of action left, after he has lost, by the operation of the statute, his remedy upon it, seems to me little less absurd, than to say I still have my property after I have actually lost it." In 1 Wood on Limitations, 354, 4th Ed., it is stated that the case of *Carshore* v. *Huyck*,

*supra*, rests upon reasons peculiar to the State in which it was brought and upon reasoning that will hardly commend it as an authority.

The plaintiffs have cited several other cases to the effect that a partial payment upon a bond or attested note, before the expiration of the limited period, interrupts the statute. We see no advantage in stating these cases with greater particularity. In none of them had the claims sued upon been merged in a judgment.

We are inclined to take the view, which appears to be supported by the weight of authority, including some of the more recent cases, that a judgment cannot be revived by a partial payment. In the case of *Olson* v. *Dahl, supra,* decided in 1906, the question whether a judgment for the recovery of money comes within the rule applicable to part payment, and whether, when made, it will revive the judgment and continue it in force, was squarely presented and appears to have been very carefully and exhaustively examined. The court in that case found that the weight of authority is to the effect that a judgment is not a contract in any proper sense of that term and that the rule by which statutes of limitation are tolled by a new promise or part payment does not apply to judgments. In support of each of these conclusions the court cites numerous authorities in which an extended discussion of the question may be found. We do not find it necessary or desirable to set forth and discuss these authorities in this opinion as they are now readily available to those who may wish to consult them.

It has also been distinctly held in *Morley* v. *L. S. & M. S. Ry. Co.,* 146 U. S. 162, that a new promise or part payment does not interrupt the statute of limitations in the case of a judgment.

Having reached the conclusion that the plaintiffs are not entitled to recover as a matter of law, we need not discuss the other exceptions relating to the admission and rejection of testimony, requests to charge, etc.

We think that the exception to the refusal of the trial court to direct a verdict for the defendant must be sustained. The plaintiffs may, if they shall see fit, appear before this court on Monday, March 3, 1919, at ten o'clock, a. m., and show cause, if any they have, why this case should not be remitted to the Superior Court with direction to enter judgment for the defendant.

*Cunningham & O'Connell,* for plaintiff.

*Frank H. Wildes,* for defendant.