Second District Court of the City of Paterson.

LASALLE EXTENSION UNIVERSITY, A BODY CORPORATE, PLAINTIFF, v. JAMES B. BARR, DEFENDANT.

Decided May 22, 1941.

For the plaintiff, *Horton & Till* (*Andrew Mainardi* and *A. Leon Kohlreiter,* of counsel).

For the defendant, *Henry Riccobene.*

ROSENSTEIN, J. This action is upon a judgment rendered more than twenty years before the commencement of this action, but upon which judgment payments were made, the last being less than twenty years before such commencement. The sole question involved, therefore, is whether partial payment of a judgment operates to toll the statute of limitations. This question has not been decided in this state, and other jurisdictions, that have passed upon it, are divided.

Payment on a judgment debt suspends the running of the statute of limitations in Arkansas, Kentucky and New York. *Lindsay* v. *Merrill,* 36 *Ark.* 545; *Koontz* v. *LaDow,* 133 *Id.* 523; 202 *S. W. Rep.* 686; *White* v. *Moore,* 100 *Ky.* 358; 38 *S. W. Rep.* 505; *In re Murray's Estate* (*Court of Appeals, N. Y.,* 1936), 5 *N. E. Rep.* (2d) 717.

On the other hand, partial payment of a judgment does not suspend the running of the statute in Minnesota, North Carolina, or Rhode Island. *Olson* v. *Dahl,* 99 *Minn.* 433; 8

L. R. A. (N. S.) 444; 109 N. W. Rep. 1001; *Hughes* v. *Boone*, 114 N. C. 54; 19 S. E. Rep. 63; *McDonald* v. *Dickson*, 87 N. C. 404; *McCaskill* v. *McKinnon*, 121 N. C. 192; 28 S. E. Rep. 265; *Garabedian* v. *Avedisian*, 42 R. I. 78; 105 *Atl. Rep.* 516.

The conflict in the decisions as to whether the running of the statute of limitations is suspended in the case of judgments by payments on account thereof is due to the difference of opinion as to whether a judgment is a contract within the rule that payment on account of a contract tolls the statute. The better reasoned cases seem to be those holding that a judgment is not such a contract.

In *Morley* v. *Lake Shore and Michigan Southern Railroad Co.*, 146 U. S. 162; 13 *Sup. Ct.* 54; 36 L. *Ed.* 925, the Supreme Court of the United States held that a judgment is not a contract within the meaning of the constitutional provision invoked by the appellant and pointed out that the most important elements of a contract are wanting. Far from having any meeting of the minds, the judgment is entered *in invitum*.

In *Garabedian* v. *Avedisian, supra,* the Supreme Court of Rhode Island held that a judgment is not a contract and that it could not be revived by a partial payment.

In *Olson* v. *Dahl, supra,* the court said: "It is not at all difficult to demonstrate theoretically at least, that a judgment is a contract. Blackstone makes the statement in his Commentaries that it is, and some of the authorities, following in line with his theory, have classed it with specialties. 3 *Bl. Com.* 160; *Sawyer* v. *Vilas* (1845), 19 *Vt.* 43. But a practical consideration of the question in the light of the essentials to the existence of valid contract relations leads to the contrary conclusion. In fact, the weight of authority, both in England and this country is to the effect that a judgment is not a contract in any proper sense of the term."

Even New York, which holds that a payment on account of a judgment will suspend the running of the statute of limitations, concedes that a judgment is not a contract. *Jennings* v. *Loucks et al.*, 297 N. Y. *Supp.* 893.

It is well, therefore, to look into the history of the doctrine

that partial payments suspend the running of the statute of limitations, in order to determine whether such payments suspend the operation of the statute in connection with payments on account of a judgment debt. This history is well set out in *Olson* v. *Dahl, supra:*

"Chapter 16 of the Acts of Parliament of the twenty-first year of James I is the foundation of all statutes of limitations, both in England and this country. That act contained no exceptions preventing the operation of the statutes in cases where a new promise or acknowledgment of indebtedness, or part payment, was made by the debtor. The limitations of time within which actions were required to be brought were absolute. On the theory that the statute created simply a presumption of payment, or served only to extinguish the remedy of the creditor, the courts of England judicially ingrafted thereon an exception, to the effect that a new promise or part payment of the debt revived the cause of action and set the statute running anew. This interpretation of the law led to Lord Tenterden's Act (9 *Geo. IV, ch.* 14), by which it was enacted that no new promise should be sufficient to take the case out of the operation of the statute, unless in writing signed by the party to be charged; further providing that the effect of part payment, which the courts had held operated to revive, should not be changed by that enactment. The purpose of that act was to put a limitation upon the rule ingrafted upon the original statute by the courts, by requiring the new promise, which the courts held sufficient to toll the statute, to be in writing. The act did not create the rule, but simply recognized its existence and limited or restricted its application or operation. Thus the law came to this country, and a statute similar to Lord Tenterden's Act is found upon the statute books of nearly all, if not all, of our states. Section 4086, *Rev. Laws,* 1905, was taken from that act. The new promise or part payment has never, however, been applied to actions in tort, or those founded upon specialties. The rule has been confined to contracts, express or implied, for the payment of money. Where actions in tort or upon specialties are required to be brought within a specified time, no part payment or promise to pay will operate to suspend the opera-

tion of the statute, or remove the bar when it has once attached. *Wood, Limitations* (*3d ed.*) § 66. The theory of the courts in this respect is that, as to such obligations, the action is not, and cannot be, founded upon promise, either express or implied, but must, in the nature of things, be either in debt or covenant; therefore a new promise or part payment will not continue the right of action."

See, also, *Parker* v. *Butterworth, 46 N. J. L. 244.*

A careful reading of the New Jersey statute dealing with limitations of actions, *Title 2, chapter 24, Rev. Stat. of N. J.,* 1937, will disclose that the legislation in this state bears the imprint of the historical process outlined in *Olson* v. *Dahl. supra.* Thus, *Title 2 :24-1* to 3 and 5 and 6 deal with the several periods of limitations applicable to the respective cases therein enumerated. With the exception of one of the provisions mentioned in *Title 2 :24-5,* which will be hereafter more particularly dealt with, these several sections deal only with the limitations of time within which actions are required to be brought and are absolute in their terms. The matter of new promise or payment is dealt with in *Title 2 :24-9,* which does not purport to make exceptions to the statute, but to recognize the exceptions that had been ingrafted upon the statute by the courts. Thus, that section provides that, as to a new promise, the acknowledgment shall not be sufficient evidence where it is simply oral, but that to take the case out of the operation of the statute, it must be in writing and be signed by the party to be charged thereby. Likewise, this section recognizes the exception ingrafted upon the statute in the case of part payment. "This section shall not be construed to take away, lessen or alter the effect of any payment of principal or interest made by any person on the obligation in suit."

But this section, namely, *Title 2 :24-9,* which recognizes the tolling of the statute by part payment, refers, by its specific terms, to "actions in the nature of actions of debt or upon the case grounded on any simple contract." Accordingly, this section does not apply to a judgment, for a judgment is not included within its terms. If there be any question that a judgment would still be within the terms of this

section, either because an action upon it is an action in the nature of an action of debt, or is an action upon the case grounded on any simple contract, the answer is that the legislature has expressly, in *Title* 2:24-1 indicated that "All actions in the nature of * * * actions in the nature of debt, founded upon a lending or contract without a specialty or for arrears of rent due on a parol demise * * * actions in the nature of actions upon the case * * * shall be commenced within six years next after the cause of any such action has accrued, and not thereafter." Obviously, therefore, the legislature was not referring to an action on a judgment, because the legislature expressly reserved judgments to a separate section, to wit, *Title* 2:24-6, in which it was provided that "A judgment in any court of record in this state may be revived by *scire facias* or an action at law may be brought thereon within twenty years next after the date thereof."

Moreover, it will be noted that what is being sought in this court is to revive a judgment by an action at law. The section of the statute just quoted states that such action may be brought within twenty years next after the date thereof. But the present action is being brought more than twenty years thereafter, for which the section last quoted gives no warrant, nor does *Title* 2:24-9 for the reasons hereinbefore set forth.

My attention has been called by the plaintiff to the case of *Jennings* v. *Loucks et al., supra,* which the plaintiff strongly urges as being in point with this case. It is true that that case decided that a payment on account of a judgment tolls the statute of limitations in such case as well as upon an ordinary contract debt. It is to be noted, however, that in New York State, section 44 of the Civil Practice Act provides expressly that the presumption of payment of certain judgments is conclusive, "except as against a person, who within twenty years makes a payment or acknowledges an indebtedness." While it is true that that section does not apply to a judgment of an inferior court, and the action in *Jennings* v. *Loucks, supra,* was an action upon a judgment of an inferior court, the court based its conclusion upon the fact that "it [section 44, Civil Practice Act] indicates the

view of this state as to the effect between the parties of a payment on a judgment."

In New Jersey, on the other hand, the statute makes no provision that payment or acknowledgment of an indebtedness within twenty years shall be an exception to the presumption of payment after twenty years.

The fact is that the New Jersey statute, by implication, seems to say exactly the opposite, and this for the reason that in *Title* 2:24-5, the section immediately preceding that dealing with limitations of actions on judgments, the legislature provided that in actions upon a lease under seal, specialty or award under seal of arbitrators, actions must be commenced within sixteen years after the accrual of such cause of action, but that, "If, however, any payment is made on any such lease, specialty or award within or after such period of sixteen years, an action thereon may be commenced within sixteen years next after such payment, and not thereafter." It is significant that in the next section immediately following this, to wit, *Title* 2:24-6, the legislature provided that a judgment might be revived by *scire facias* or an action at law brought within twenty years next after the date thereof, but makes no mention that payment thereon shall be the period from which the twenty years shall run.

For the reasons above stated, judgment will be entered in favor of the defendant.