GRIMES, Judge.
This case presents the question of whether payments made on a foreign judgment toll the statute of limitations on an action to establish the foreign judgment in Florida.
On June 20, 1979, Frederic Fogg and Lee Drenckhahan filed a complaint against K. W. Quaintance to establish the unpaid portion of a Minnesota judgment as a Florida judgment. The Minnesota judgment, which was attached to the complaint, was rendered on October 28, 1970, and awarded $31,697.70 to Mr. Fogg, his wife Delores, and Mr. Drenckhahan.[1]
Mr. Quaintance answered the complaint, asserting as one of his affirmative defenses that the statute of limitations barred the action. The case went to trial without a jury after which the court entered a final judgment in favor of the plaintiffs. The court found that the Minnesota judgment was originally $31,697.70 but that Mr. Quaintance had from 1973 to 1978 paid Mr. Fogg $8,000.00, leaving a principal balance due of $23,697.70. Accordingly, the court entered judgment in that amount with appropriate interest. Thereafter, Mr. Quain-tance instituted this timely appeal.
In its judgment, the court set forth alternative findings to support its conclusion that the statute of limitations had not run on the plaintiffs’ cause of action. These findings were as follows:
4. That in accordance with § 95.-051(l)(f), Florida Statutes, payments by defendant, K. W. QUAINTANCE, toward satisfaction of the judgment tolled the statute of limitations, assuming that the applicable statute of limitations under § 95.11(2)(a) was 5 years, but the Court finds that the applicable statute of limitations under § 95.11(1) was 20 years.
Appellant argues and appellees concede that the court erred in ruling that the twenty-year limitation period of section 95.-11(1) was applicable to this case as opposed to the five-year limitation period of section 95.11(2)(a). These sections provide that:
95.11 Limitations other than for the recovery of real property shall be commenced as follows:
(1) WITHIN TWENTY YEARS. — An action on a judgment or decree of a court of record in this state.
(2) WITHIN FIVE YEARS.—
(a) An action on a judgment or decree of any court, not of record, of this state or any court of the United States, any other state or territory in the United States, or a foreign country.
(b) A legal or equitable action on a contract, obligation, or liability founded on a written instrument.
(c) An action to foreclose a mortgage.
Clearly, appellant is right on this point. Appellees’ suit was not an action oh a judgment of a court of record in this state but rather an action on a judgment of a court of Minnesota. This being the case, the statute of limitations barred the suit unless the payments Mr. Quaintance made tolled the limitation period as the court found in its alternative ruling.
The applicable tolling statute is section 95.051 which reads in part as follows:
95.051 When limitations tolled.—
(1) The running of the time under any statute of limitations except ss. 95.281, 95.35, and 95.36 is tolled by:

(f) The payment of any part of the principal or interest of any obligation or liability founded on a written instrument.

(2) No disability or other reason shall toll the running of any statute of limitations except those specified in this section, s. 95.091, the Florida Probate Code, or the Florida Guardianship Law.
The argument over the applicability of this section centers around whether a judgment *362 is a written instrument upon which an obligation or liability is founded.[2]
At common law, partial payments of a judgment did not toll the limitation period on a suit on that judgment. Olson v. Dahl, 99 Minn. 433, 109 N.W. 1001 (1906). Moreover, to the extent that it can be said that a written instrument is nothing more than a contract, several cases have held that a judgment is not a contract within the meaning of the word contract as it is used in a statute or rule which provides that part payment on a contract will toll the statute of limitations. Sharp v. Sharp, 154 Kan. 175, 117 P.2d 561 (1941); La Salle Extension University v. Barr, 19 N.J.Misc. 387, 20 A.2d 609 (City of Paterson Dist.Ct.1941); Garabedian v. Avedisian, 42 R.I. 78, 105 A. 516 (1919); Yergensen v. Ford, 16 Utah 2d 397, 402 P.2d 696 (1965). On the other hand there are some decisions in which part payments have been deemed to toll the statutes of limitations on judgments, but these cases generally involve judicially created tolling provisions prompted by the total absence of statute or a statute specifically referring to part payment on a judgment. See Annot., 45 A.L.R.2d 967 (1956).
In the final analysis, this is strictly a case of statutory construction, and there are no Florida cases construing the statute and no cases from other jurisdictions which construe similar statutes. In a broad sense, a judgment can be said to be a written instrument upon which an obligation is founded, namely the obligation to pay the judgment. Yet, the use of language in section 95.051(l)(f) which so closely parallels the language contained in section 95.-ll(2)(b) suggests that the legislature intended to limit the instances in which part payment would toll the statute to those causes of action enumerated in section 95.-ll(2)(b). It would have been easy enough for the legislature to have made reference in section 95.051(l)(f) to a claim based upon a judgment had it wished. Consequently, we construe subsection (f) as not including part payments on a judgment. Appellees’ argument that our construction of the statute places a person who reduces his claim on a promissory note to a foreign judgment in a position inferior to one which he held before he obtained the judgment is a matter which must be addressed to the legislature.[3]
REVERSED AND REMANDED for further proceedings consistent with this opinion.
HOBSON, Acting C. J., and BUCK, MORISON, Associate Judge, concur.

. Mrs. Fogg died in 1971.

. Appellees cannot successfully argue that the original notes constituted the written instruments because once they obtained the judgment, the obligations reflected by the notes merged into that judgment. Sessions v. Stevens, 1 Fla. 233 (1847); Restatement of Judgments § 47 (1942).

. Some courts have suggested that a policy reason for excluding judgments from the tolling provisions is that otherwise title examiners would never know from the face of the record whether a judgment lien remained viable. E. g., Giordano v. Wolcott, 46 N.J.Super. 278, 134 A.2d 593 (1957). In view of section 55.081, Florida Statutes (1979), this may not be as significant a consideration in Florida.