FARMERS & MERCHANTS BANK OF AXTELL, APPELLANT, V. CLYDE MERRYMAN, APPELLEE.

FILED APRIL 13, 1934.   No. 28759.

J. L. McPheely and Charles A. Chappell, for appellant.

Miller & Blackledge, contra.

Heard before GOOD, EBERLY and DAY, JJ., and CARTER and CHAPPELL, District Judges.

CARTER, District Judge.

The Farmers & Merchants Bank of Axtell filed its petition in the district court for Kearney county on July 2, 1932, alleging that on September 18, 1908, the bank obtained a judgment against the defendant, Merryman, in the sum of $1,603.55, and costs taxed at $125.25. The petition further states that on November 5, 1908, August 10, 1912, and March 23, 1915, executions were issued on said judgment, all of which were returned unsatisfied. It is also alleged in said petition that, "after the cause of action against defendant accrued, the said Clyde Merryman, defendant herein, departed from the state of Nebraska, at an exact date unknown to plaintiff, but during the time between March 2, 1908, and October 1, 1908, and said defendant has been a nonresident of the state of Nebraska at all times since his said departure from this state and has been continuously absent from this state since said time." Defendant filed a general demurrer to the petition which was sustained by the trial court. Plain-

tiff refused to plead further and from a judgment of dismissal brings this appeal.

There can be no question that the executions issued prevented the judgment from becoming dormant until March 24, 1920, five years after the date of the last execution. Comp. St. 1929, sec. 20-1515. Plaintiff having failed to revive the judgment prior to March 24, 1930, ten years after the judgment became dormant, its right to have the judgment revived was forever barred by section 20-1420, Comp. St. 1929. It is clear, therefore, that under our statutes the right to revive this judgment was lost.

The question then arises whether the statute of limitations has operated against a suit on the judgment. Section 20-205, Comp. St. 1929, provides under an article entitled "Time of Commencing Civil Actions," as follows: "Within five years, an action upon a specialty, or any agreement, contract or promise in writing, or foreign judgment." The judgment sued on is a domestic judgment and this court has held a domestic judgment to be a specialty within the meaning of our statute. *Armstrong v. Patterson*, 97 Neb. 229. Clearly, therefore, the suit on the judgment was barred five years after September 18, 1908, unless the statute of limitations was tolled. "A domestic judgment is a specialty within the meaning of section 7567, Rev. St. 1913, and an action thereon is barred by the statute of limitations after five years from the date of the judgment." *Fisher v. Woodard*, 103 Neb. 253.

The only question remaining is whether the petition sufficiently pleads a tolling of the statute as against the general demurrer filed thereto. Section 20-214, Comp. St. 1929, provides: "If, when a cause of action accrues against a person, he be out of the state, or shall have absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he come into the state, or while he is absconded or concealed; and if, after the cause of action accrues, he

depart from the state, or abscond or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought."

This court has held: "It is clearly the law of Nebraska that where it appears upon the face of the petition that the cause of action is barred by the statute of limitations, and there are no allegations tolling the statute, a general demurrer can be properly interposed to such cause of action." *Reed v. Occidental Bldg. & Loan Ass'n,* 122 Neb. 817. If, therefore, the pleading of the tolling of the statute is sufficient, the demurrer should have been over-ruled; if not, it was properly sustained. We are of the opinion that the allegations of the petition with reference to the tolling of the statute were sufficient as against a general demurrer. The plaintiff plainly alleges that defendant left the state some time between March 2, 1908, and October 1, 1908, and has been continuously absent since said time. Any date of departure between the two set out would bring the defendant within the statute. It is sufficiently definite and positive as to the time, and, if proved, would toll section 20-205, Comp. St. 1929.

Defendant contends that plaintiff should be required to plead the place of defendant's foreign residence and the law of that state showing that the suit was not barred by the statute of limitations of that jurisdiction. To this we cannot agree. It is true that our court has held in the case of *Webster v. Davies,* 44 Neb. 301: "Where similar statutes are in force there was formerly much doubt because of the apparent conflict between section 20 and the other sections quoted; but it has been quite generally decided that the provision of section 20 which tolls the statute during the absence of a defendant from the state does not apply where his absence has been of such a character as to entitle him to the benefit of the statute of limitations of another state to which he has removed." Yet, we are of the opinion that proper pleading demands that the operation of the statute of limitations of another

state is a matter of defense. It was so indicated in the case of *Hower v. Aultman, Miller & Co.*, 27 Neb. 251, which states: "If the statute of limitations had run against the claim in the state of Kansas where plaintiff in error resides, and the cause of action was barred by the laws of that state as alleged in the answer, this was a defense to the action, and the answer could not be assailed by demurrer as not presenting a defense."

We are therefore obliged to hold that the petition pleaded facts sufficient to toll section 20-205, Comp. St. 1929, and that the trial court erred in sustaining the demurrer to the petition.

Plaintiff contends that section 20-215, Comp. St. 1929, was changed by the commissioners who revised the Nebraska statutes in 1913 without authority and to his detriment. We have carefully compared this section as it appears in the session laws of 1905, with section 20-215, Comp. St. 1929, and find that no change or revision was made that was prejudicial to the plaintiff in this action.

For the reasons herein set out, the order of the trial court sustaining defendant's demurrer and dismissing the action is reversed and the cause remanded.

REVERSED.