Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/17/2020 09:06 AM CST

Pamela Nelssen, appellant, v.
Hal T. Ritchie, appellee.
___ N.W.2d ___

Filed October 25, 2019.    No. S-18-1020.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law. An appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.

2. **Equity: Estoppel.** Although a party can raise estoppel claims in both legal and equitable actions, estoppel doctrines have their roots in equity.

3. **Equity: Appeal and Error.** In reviewing judgments and orders disposing of claims sounding in equity, an appellate court decides factual questions de novo on the record and reaches independent conclusions on questions of fact and law.

4. **Legislature: Intent.** The intent of the Legislature is expressed by omission as well as by inclusion.

5. **Equity: Estoppel.** The doctrine of equitable estoppel applies where, as a result of conduct of a party upon which another person has in good faith relied to his or her detriment, the acting party is absolutely precluded, both at law and in equity, from asserting rights which might have otherwise existed.

6. ____: ____. The elements of equitable estoppel are, as to the party estopped: (1) conduct which amounts to a false representation or concealment of material facts, or at least which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts. As to the other party, the elements are: (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or

status of the party claiming the estoppel, to his or her injury, detriment, or prejudice.

7. **Waiver: Words and Phrases.** Waiver is a voluntary and intentional relinquishment of a known right, privilege, or claim.

8. **Waiver: Estoppel.** To establish a waiver of a legal right, there must be a clear, unequivocal, and decisive act of a party showing such a purpose, or acts amounting to an estoppel on his or her part.

Appeal from the District Court for Lancaster County: Lori A. Maret, Judge. Affirmed.

Robert B. Creager, of Anderson, Creager & Wittstruck, P.C., for appellant.

David L. Welch and Kellie Chesire Olson, of Pansing, Hogan, Ernst & Bachman, L.L.P., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Papik, J.

Over 2 decades ago, Pamela Nelssen obtained a judgment against Hal T. Ritchie. Nelssen never executed on the judgment, but Ritchie made payments to her for many years. After Ritchie stopped making payments, Nelssen filed a motion to revive the judgment. The district court overruled Nelssen's motion on the ground that the statutory deadline to revive the dormant judgment had expired. Nelssen now appeals the district court's decision. We affirm.

## BACKGROUND

*Initial Judgment.*

This dispute arises out of a judgment Nelssen obtained against Ritchie in the district court for Lancaster County in 1996. The record suggests that Nelssen sued Ritchie for failure to pay amounts owed under a promissory note, that Ritchie failed to respond to the lawsuit, and that Nelssen obtained the judgment as a result of Ritchie's default. The judgment was in the amount of $200,000, plus 6 percent interest.

Ritchie did not immediately satisfy the judgment, and Nelssen did not immediately execute on it. Instead, Ritchie made payments to Nelssen beginning in 1996 and ending in 2017. Ritchie apparently stopped making payments at some point in 2017.

According to Nelssen, Ritchie paid her $132,300 during that time. Nelssen contends that, accounting for interest, Ritchie now owes her over $360,000.

*Motion for Revivor.*

In 2018, Nelssen filed a motion for revivor of the judgment. Ritchie filed an objection to the motion. In it, he argued that Nelssen's motion was untimely. He contended that the judgment became dormant in 2001 under Neb. Rev. Stat. § 25-1515 (Reissue 2016) and that, under Neb. Rev. Stat. § 25-1420 (Reissue 2016), the time period to revive the dormant judgment expired in 2011.

At a hearing on the motion, Nelssen offered an affidavit in which she referred to the periodic payments Ritchie made to her after the judgment was entered in 1996. The affidavit stated, in relevant part:

> 3. That I agreed to accept payments from the Defendant, . . . Ritchie, in consideration of my agreement to forego [sic] executing on the judgment I have against [him] in this matter.

> 4. That I relied on [Ritchie] to continue to make payments on the judgment I obtained in this matter.

Attached to Nelssen's affidavit was a list of payments she claimed Ritchie made to her. The attachment listed 374 payments with amounts ranging between $200 and $15,400. Aside from a period between November 2009 and March 2011 in which no payments are listed, the attachment lists a payment in most months. The only other evidence offered at the hearing was an affidavit signed by Nelssen's counsel that also attached the same list of payments. Nelssen contended that the affidavits demonstrated that the motion for revivor was timely filed.

The district court overruled Nelssen's motion for revivor in a written order. It concluded that Neb. Rev. Stat. § 25-216 (Reissue 2016), a statute which provides that partial payments generally toll the limitations period in contract actions, did not extend the time period for Nelssen to seek revivor of a judgment. It also concluded that the time period was not extended by equitable estoppel or waiver.

Nelssen appeals from this order.

## ASSIGNMENTS OF ERROR

Nelssen assigns two errors on appeal. She contends that the district court erred (1) in finding that Nelssen's motion for revivor of the judgment was time barred and (2) in failing to revive the judgment.

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law. *Weyh v. Gottsch*, 303 Neb. 280, 929 N.W.2d 40 (2019). An appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Id.*

[2,3] Although a party can raise estoppel claims in both legal and equitable actions, estoppel doctrines have their roots in equity. *deNourie & Yost Homes v. Frost*, 289 Neb. 136, 854 N.W.2d 298 (2014). In reviewing judgments and orders disposing of claims sounding in equity, we decide factual questions de novo on the record and reach independent conclusions on questions of fact and law. *Id.*

## ANALYSIS

*Dormant Judgments and Revivor.*

Two Nebraska statutes that dictate when a judgment becomes dormant and when a dormant judgment can be revived are at issue in this appeal. Section 25-1515 generally provides that a judgment becomes dormant if it has not been executed upon within 5 years. See *Fry v. Fry*, 281 Neb. 1001, 800 N.W.2d 671 (2011). When a judgment becomes dormant, it ceases to operate as a lien on the estate of the judgment debtor. § 25-1515.

Even if a judgment creditor allows a judgment to become dormant, Nebraska law allows the judgment creditor to seek to revive it. Section 25-1420 provides that dormant judgments "may be revived in the same manner as is prescribed for reviving actions before judgment." That same statute, however, comes with an important caveat: "[N]o judgment shall be revived unless action to revive the same be commenced within 10 years after such judgment became dormant." *Id.*

The parties in this case agree that the judgment was entered in 1996, that Nelssen did not execute on the judgment, and that she did not attempt to revive it until 2018. The parties disagree, however, as to the legal consequences of these facts. Ritchie takes the position adopted by the district court: that the judgment became dormant in 2001 after Nelssen failed to execute within 5 years of its entry and that the time period for revivor expired 10 years later in 2011.

Nelssen asserts that the matter is not that simple. She contends that Ritchie's payments to her after the entry of judgment extended the time period in which she could seek to revive the judgment. Nelssen claims that Ritchie's payments tolled the deadline. She also argues that Ritchie cannot rely on the deadline under the doctrines of equitable estoppel and waiver. We address each of Nelssen's arguments below.

*Was Deadline for Revivor Tolled?*

Nelssen contends that the deadline for reviving the dormant judgment was tolled as a result of Ritchie's agreement to make payments to her over the years. Nelssen made the same argument in the district court, relying on § 25-216. Nelssen is less clear on appeal as to the basis for her tolling argument. She asserts that the trial court erred by concluding that the deadline to seek revivor was not tolled, but does not mention § 25-216 or point to other authority in support of her assertion.

Although Nelssen does not explicitly rely upon it, we believe § 25-216 is relevant to the question of whether the deadline to revive a dormant judgment is tolled if the judgment debtor

makes payments in partial satisfaction of the judgment. Section 25-216 states:

> *In any cause founded on contract*, when any part of the principal or interest shall have been voluntarily paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made in writing, an action may be brought in such case within the period prescribed for the same, *after such payment*, acknowledgment or promise . . . .

(Emphasis supplied.)

This statute has long been understood to provide for tolling of a statute of limitations if a party makes a voluntary payment of part of a debt. See, e.g., *Alexanderson v. Wessman*, 158 Neb. 614, 64 N.W.2d 306 (1954). The statute is limited, however, to causes "founded on contract." The statute thus would only provide for tolling in this case if Nelssen's cause is "founded on contract."

On the surface, it may appear that Nelssen's cause is founded on a contract. As noted above, she obtained the judgment based on her allegation that Ritchie failed to make payments he promised to pay. It is incorrect, however, to focus on Nelssen's original claim. When a valid and final judgment is entered, the original claim "is extinguished and rights upon the judgment are substituted for it." Restatement (Second) of Judgments § 18, comment *a*. (1982). See, also, *American Nat. Bank v. Medved*, 281 Neb. 799, 801 N.W.2d 230 (2011); *Yergensen v. Ford*, 402 P.2d 696 (Utah 1965).

Because Nelssen's rights now arise from a judgment, tolling would be available under § 25-216 only if the term "contract" encompasses judgments. We find that it does not.

We are persuaded by the reasoning of many other courts that have concluded that a judgment is not a contract for purposes of their similar tolling statutes. See, e.g., *Quaintance v. Fogg*, 392 So. 2d 360, 361 (Fla. App. 1981) (concluding that Florida statute allowing part payments to toll limitations period in actions "'founded on a written instrument'" did not include

judgments); *Sharp v. Sharp*, 154 Kan. 175, 181, 117 P.2d 561, 565 (1941) ("it would be anomalous to hold that 'contract' in the part payment statute was broad enough to embrace judgments"); *Olson v. Dahl*, 99 Minn. 433, 437, 109 N.W. 1001, 1002 (1906) ("the weight of authority, both in England and this country, is to the effect that a judgment is not a contract in any proper sense of the term"); *La Salle Extension University v. Barr*, 19 N.J. Misc. 387, 390, 20 A.2d 609, 611 (1941) (concluding that statute tolling limitations period for cases founded on simple contract "does not apply to a judgment, for a judgment is not included within its terms"). Additionally, our law makes a distinction between a contract and a "specialty," see Neb. Rev. Stat. § 25-205 (Reissue 2016), and a domestic judgment has long been recognized as a specialty. See, e.g., *Farmers & Merchants Bank v. Merryman*, 126 Neb. 684, 254 N.W. 428 (1934).

[4] Having concluded that the tolling provision of § 25-216 does not toll the time period to revive a dormant judgment, we see no basis to find tolling here. The Legislature has chosen to provide for tolling when partial payments are made on a debt founded on contract, but we are aware of no similar statute applying to judgments. The intent of the Legislature is expressed by omission as well as by inclusion. *Christine W. v. Trevor W.*, 303 Neb. 245, 928 N.W.2d 398 (2019). And, as at least one other state court has noted, there is a policy reason why a legislature might choose not to extend contractual tolling provisions to judgments:

A contract is ordinarily not a matter of public record and the tolling of the statute of limitations . . . would have no significant effect except upon the parties to the contract. By contrast, a judgment is a public record, and this record is relied upon to determine the status of legal title to real property. A written acknowledgment or a part payment would not ordinarily be reflected upon the official records and, if they could extend the limitation period on judgments, it would not be possible to ascertain from

the public records a correct assessment of the legal title
to real property.

*Yergensen v. Ford*, 402 P.2d at 698.

The deadline to revive the dormant judgment was not tolled
by Ritchie's payments.

*Does Equitable Estoppel or Waiver Apply?*

Nelssen also argues that Ritchie could not claim that the
motion for revivor was untimely under the doctrines of equi-
table estoppel and waiver. Nelssen argues that by agreeing to
make payments to her in exchange for her commitment not
to execute on the judgment, Ritchie is barred by equitable
estoppel and waiver from claiming the motion for revivor
was untimely.

Ritchie responds that the 10-year time period in § 25-1420
is never subject to claims of equitable estoppel or waiver.
Ritchie's argument has some appeal. Dicta in one of our older
opinions could be read to suggest that a dormant judgment can-
not be revived after 10 years regardless of circumstances. See
*Farmers & Merchants Bank v. Merryman*, 126 Neb. at 686, 254
N.W. at 429 (stating that if plaintiff failed to revive judgment
within 10 years after it became dormant, "its right to have the
judgment revived was forever barred" by earlier codification of
§ 25-1420). That is certainly a possible reading of § 25-1420,
which says that "no judgment shall be revived unless action
to revive the same be commenced within ten years after such
judgment became dormant" and mentions no exceptions. In
addition, as discussed above, if the time period to revive a
dormant judgment could be extended by interactions between
only the judgment debtor and judgment creditor, third parties
interested in the status of a judgment would be left to wonder
if a judgment was subject to revivor or if the time to do so
had expired.

Although we harbor serious doubts about whether a party
could ever be precluded from claiming a motion for revivor
was untimely under § 25-1420 under the doctrines of equitable

estoppel or waiver, we need not decide that question today. Even assuming that is a possibility, Nelssen has not shown that either of those doctrines would apply here.

[5,6] The doctrine of equitable estoppel applies where, as a result of conduct of a party upon which another person has in good faith relied to his or her detriment, the acting party is absolutely precluded, both at law and in equity, from asserting rights which might have otherwise existed. *Burns v. Nielsen*, 273 Neb. 724, 732 N.W.2d 640 (2007). The elements of equitable estoppel are, as to the party estopped: (1) conduct which amounts to a false representation or concealment of material facts, or at least which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts. *Omaha Police Union Local 101 v. City of Omaha*, 292 Neb. 381, 872 N.W.2d 765 (2015). As to the other party, the elements are: (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his or her injury, detriment, or prejudice. *Id.* Assuming equitable estoppel could apply in these circumstances, Nelssen would have the burden to establish its elements. See *Bryan M. v. Anne B.*, 292 Neb. 725, 874 N.W.2d 824 (2016).

Nelssen has not shown the required elements of equitable estoppel. As noted above, the record is quite sparse as to the interactions between Nelssen and Ritchie that led to Ritchie's making payments toward the judgment over a number of years. The only evidence of their interactions comes from Nelssen's affidavit, which simply asserts that Ritchie agreed to make payments and that she agreed not to execute on the judgment.

Nelssen's affidavit, however, provides no insight into Ritchie's state of mind. There is not even a suggestion Ritchie knew that at some point the judgment would become dormant and that the time period to revive it would expire. There is thus no evidence that Ritchie engaged in conduct resulting in false representations or concealment of material facts all while knowing the real facts, essential elements of a claim of equitable estoppel.

[7,8] For similar reasons, we find no basis to conclude that Ritchie could have waived the right to contend that the time to revive the judgment had expired. Waiver is a voluntary and intentional relinquishment of a known right, privilege, or claim. *State ex rel. Wagner v. Amwest Surety Ins. Co.*, 280 Neb. 729, 790 N.W.2d 866 (2010). Waiver can also be demonstrated by, or inferred from, a person's conduct. See *id.* To establish a waiver of a legal right, there must be a clear, unequivocal, and decisive act of a party showing such a purpose, or acts amounting to an estoppel on his or her part. *Id*. Further, the waiving party must have full knowledge of all material facts. See *id*. Again, we have no indication in our record as to what Ritchie intended to do by agreeing to make payments to Nelssen. We have no basis to determine he intended to relinquish a right to someday assert that the judgment had become dormant and that the time to revive it had expired.

Because we see no reason to conclude that the deadline to revive a dormant judgment was extended, we conclude that it expired in 2011. The district court was correct to overrule the motion for revivor on the ground that it was untimely.

## CONCLUSION

We find that the judgment became dormant and that the time period to revive it expired. Accordingly, we affirm the district court's order overruling Nelssen's motion for revivor.

AFFIRMED.